[Civ. No. 488.    Second Appellate District.—September 11, 1908.]

## A. VANCE, Respondent, v. THE ATCHISON, TOPEKA AND SANTE FE RAILWAY COMPANY, Appellant.

NEGLIGENCE—COLLISION OF TEAM WITH RAILROAD TRAIN.—In an action to recover for the loss of a team caused by the alleged negligence of a railroad company in approaching a crossing with undue speed and without proper warning of its approach, *held,* that the evidence warrants the finding of the jury of negligence on the part of the railroad company, and that there was no contributory negligence on the part of the driver of the team.

ID.—CONTRIBUTORY NEGLIGENCE NOT MATTER OF LAW.—*Held,* that there was no contributory negligence, as matter of law, on the part of the driver of the team, it appearing that he stopped the team and listened for a train, and heard none approaching, and that he could not see the approach of the colliding train by reason of a box-car allowed to stand upon the railroad track near the crossing, and did not discover the approach of the speeding train until it was too late to avoid the collision.

ID.—DUTY OF LOOKING, WHEN NOT ENJOINED.—The duty of looking is enjoined only when by its exercise the injured party could have discovered the approach of the train; and the duty of looking is not enjoined when the view is so obstructed as to prevent such discovery in time to avoid the injury from the defendant's negligence.

ID.—FINDING OF JURY AGAINST CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—It is ordinarily a question of fact for the jury to determine whether or not the plaintiff is culpably negligent, and where it is found that plaintiff's driver was not culpably negligent, it cannot, under the circumstances, be held that its determination was improper.

ID.—INSTRUCTIONS—DUTY OF DEFENDANT—INAPPLICABLE . REQUESTS.—*Held,* that the charge of the court was proper as to the duty of the defendant with regard to public crossings; and that the uncontradicted evidence in the record rendered inapplicable instructions requested by the defendant relative to the duty of one approaching the track, when the view is unobstructed.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.    Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, A. H. Van Cott, and U. T. Clotfelter, for Appellant.

W. W. Kaye, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment based upon the verdict of a jury and from an order denying a new trial in an action brought to recover damages occasioned by defendant's negligence in the operation of its trains.

The proposition is not, and cannot well be, questioned that there is evidence in the record warranting the implied finding of negligence upon the defendant's part. Appellant, however, contends that the record discloses such contributory negligence upon the part of plaintiff's servant in charge of the property injured as to preclude recovery.

Upon the trial there was evidence offered by plaintiff tending to show that the servant of plaintiff, standing upon the front end of a wagon, was driving a six-horse team by means of a check-line. The road upon which he was traveling was intended for use in connection with a lime-kiln and was mostly used by those having business at such kiln. It crossed the defendant's main and side tracks, intersecting the main road which paralleled such tracks. The driver was proceeding with his team from the kiln toward the railroad track, the view along which to the east was entirely obstructed between the kiln and sidetrack. When the lead horses were about twenty feet from the nearest sidetrack, upon which a box-car was standing, which was one of the obstructions to the view eastwardly, one of the tugs became disarranged and the driver left his place on the wagon and rearranged the tug. While on the ground he listened for the approach of a train and heard none. He could not from this point see eastwardly up the track any distance on account of this box-car. Hearing no approaching train, the driver resumed his place on the front end of the wagon and started to drive across the track. When he was at a point where he could obtain a view along the track to the east, the leaders were within three or four feet of the main track. At this point he saw the train and was for the first time in a position where it was possible for him to see an approaching train from the east. The train was then only about fifty feet away and was running at a

high rate of speed. Here, for the first time, the men in charge of the train employed the whistle. Danger being imminent, the driver applied the brakes and jumped from the wagon, but the collision was inevitable.

It cannot be questioned that it was the duty of the driver in approaching the railroad track to look and listen before entering upon a place of danger. The duty of looking, however, is enjoined only when by its exercise he could have discovered the approach of the train. "It is only when, if he had made the observation, he could have seen the coming of the train that he can be said to have been negligent in omitting to do so." (*Martin* v. *Southern Pacific Co.*, 150 Cal. 128, [88 Pac. 701].) That by reason of obstructions the approach of the train could not be discovered by sight until the lead horses were within three or four feet of the track is in evidence; that he listened carefully before starting to drive across the track, and that he continued so to do, is not disputed; that he made every effort to avoid the collision after discovery of the train is established. "Negligence is a question of fact for the jury, and the law has fixed no exact standard of care other than the general one that it must be such as a reasonably prudent man would exercise in the particular circumstances. Hence, in ordinary cases it is peculiarly a question for the jury or court trying the cause to decide as a matter of fact whether or not the person was culpably negligent." (*Scott* v. *San Bernardino Valley Tr. Co.*, 152 Cal. 604, [93 Pac. 677].) The jury by its verdict determined that the conduct of the driver was not culpably negligent, and we cannot, considering the circumstances under which he was placed, say that as a matter of law its determination was improper. To say that the driver did not act as a reasonably prudent man would act under like circumstances, and that, as a matter of law, he was culpably negligent, would be to say that one alone in charge of a team of this character, when approaching a railroad track where the view is obstructed, is negligent, notwithstanding he has stopped and listened, unless he leaves his team unattended upon the road and proceeds on foot to a point where a view of the track could be had. We do not believe that the law enjoins such duty upon one under those circumstances. The road upon which the team was traveling, although used mostly by those having business at the lime-kiln, is, nevertheless, one of the roads comprehended

within the provisions of section 486 of the Civil Code (*Orcutt* v. *Pacific Coast Ry. Co.*, 85 Cal. 291, [24 Pac. 661]), and the precaution required upon the part of those in charge of trains in that section prescribed apply to the crossing of a road so used.

The charge of the court excepted to was not improper, wherein the duty of defendant with respect to public crossings was stated. The uncontradicted evidence appearing in the record was such as to render inapplicable charges offered by the defendant and refused which related to the duty of one approaching the track when the view is unobstructed.

We perceive no error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 10, 1908.