[S. F. No. 6189. Department Two.—January 16, 1914.]

## OTTO SCHELLIN, Respondent, *v.* NORTH ALASKA SALMON COMPANY (a Corporation), Appellant.

NEGLIGENCE—EMPLOYER'S LIABILITY—SAFE PLACE TO WORK—GUARDING MACHINERY.—Where an employee was placed in charge of fish cleaning machinery, a part of which consisted of a shaft to which was attached a moving pulley, it was the duty of the employer, if not to box the shaft, to furnish a reasonably safe place to work; and if, while the employee was replacing a belt on the pulley, his clothing was caught by a collar and set-screw projecting from the shaft, which were unguarded and which made the place dangerous, the employer might properly be held liable for the resulting injuries.

ID.—DANGEROUS MACHINERY—DUTY OF EMPLOYEE TO OBSERVE.—In an action by the employee to recover for such injury it is for the jury to say whether or not under all of the circumstances he was bound to observe the set-screw attached to the collar, when it was more than five feet above his head as he worked on the floor, and was shut off from all possible observation from many parts of the building by a running board beneath it, and rendered invisible by rapid motion during the time when the machinery was in operation.

ID.—INVESTIGATION OF DANGER—DUTY OF EMPLOYEE TO MAKE.—If the employee was ignorant of the existence of the set-screw, he was under no obligation to investigate the danger.

ID.—ASSUMPTION OF RISK—UNKNOWN DANGERS.—The rule of assumption of risk by an employee does not apply where the danger is not obvious, where it is unknown to the employee, and where by the exercise of ordinary care the employer could have discovered and removed it.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT OR OF LAW.—The employee was not guilty of contributory negligence, as a matter of law, in attempting to replace the belt on the running pulley in proximity to the shaft. Whether or not an injured person was guilty of contributory negligence is usually a question of fact; it is a question of law only when the evidence will support no other legitimate inference than that he was negligent.

ID.—PUTTING BELTS ON RUNNING PULLEYS—ADMISSION OF EVIDENCE—HARMLESS ERROR.—Error, if any, in admitting testimony that the employee had seen other employees put belts on running pulleys, was harmless, if all of the witnesses testified without objection that it was proper for an experienced person to put on the belt while the shaft was revolving.

ID.—DISCOVERY OR KNOWLEDGE BY EMPLOYEE OF DANGER—INSTRUCTIONS.—An instruction to the jury that "if you find . . . that the

plaintiff did not know and did not in the exercise of ordinary care discover the existence of the set-screw," etc., was not erroneous on the theory that the test is not what the employee *did* discover but what he could have discovered by the use of ordinary care and diligence. The meaning of the expressions is substantially the same.

Id.—Propriety of Putting Belt on Moving Pulley—Instructions.— An instruction that if a fellow-servant taught the employee to put the belt on a moving pulley, the employer was not liable for the result of such instructions, was properly rejected as assuming that putting the belt on a moving pulley was improper when the evidence did not so indicate.

Id.—Guarding Shaft—Instructions as to Duty.—An instruction was properly refused which told the jury that the employer was under no duty "to guard or protect" the set-screw on the shaft, if by this is meant there was no duty resting upon him to cover the shaft and set-screw with casing or guard; there being no contention nor suggestion that the employer owed such a duty to the employee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, and D. Freidenrich, for Appellant.

F. R. Wall, and I. F. Chapman, for Respondent.

MELVIN, J.—The plaintiff was given a verdict for four thousand eight hundred dollars by way of compensation for injuries received while in the employ of the defendant corporation. These appeals are by the latter from the judgment and from an order denying its motion for a new trial.

In 1910 the plaintiff, who was a sailor, was. employed by defendant to go to Alaska and there to work at the cannery belonging to .the defendant. He entered the service of his employer at San Francisco and shipped as a "fish dock" man. His first work in the cannery was repairing the iron crates in which the cans were to be packed before they were put through the cooking process. He was employed in that manner for about two weeks. Then he was required to watch a "solder-wiper," his duty being to observe the cans go through the machine and to stop it if anything went wrong. He spent

about two weeks at that work and was then sent to the fish dock to clean part of the machinery there. At this task two weeks more were consumed. The shafting at the fish dock was in place when the plaintiff went there and he was engaged upon the four fish cleaning machines which were under a shed there and he was not cleaning all of the machinery. It is true that plaintiff had shipped as a "fish dock man" and knew that he would be required to run a gasoline engine, yet, as he testified, he had no experience prior to that time with such an engine. Before he was put to work his ignorance was well known to the defendant, because engineers in the employ of the corporation instructed him in the matter of operating the gasoline engines which drove the fish cleaning machinery. There was also abundant evidence to justify the jury in concluding that the plaintiff had been instructed in the method of putting a belt upon the pulley while the machinery was in motion—and only in that way—so that the turning of the pulley would draw the belt into place when it was held in the proper manner against the side of the pulley. It was also in evidence that one man could put a belt on the pulley when the machinery was in motion, but that it took two men to do the same thing when the machinery had stopped.

The plaintiff was in charge of the machinery in the shed where the process of fish cleaning was being carried on, and he noticed that the belt had slipped off a pulley. This was a belt by which a grindstone was usually operated. The pulley in question was attached to a shaft about twelve feet above the floor and was distant about two feet from a partition. Just below the shaft at a distance of about two feet there was a running board. The plaintiff placed a ladder against the running board, two to four feet from the pulley, and ascended to the running board. He was proceeding to adjust the belt in the manner in which he had been instructed to perform that duty when his clothing was caught by a set-screw which projected about three-fourths of an inch from a collar that was on the shafting, and he was first twisted around the shafting and then thrown to the floor with great violence, sustaining injuries of a very serious character. The collar and the set-screw that caught plaintiff's clothing were about eighteen inches from the pulley upon which he was endeavoring to readjust the belt, and that was very near the partition. The

diameter of the collar was three or three and a half inches. Plaintiff had never before been required to put that belt on the pulley, and had never seen the set-screw on the collar. It was in evidence that the set-screw could not be seen when the machinery was in motion.

Appellant contends that it was not its duty to box the shaft or otherwise to provide against the projecting of the set-screw; that it had no knowledge of the existence of the set-screw; that plaintiff and defendant had the same means of knowledge of the danger; that plaintiff's duties required him to become familiar with the machinery; that he assumed the risks of his employment; that he was guilty, as matter of law, of contributory negligence in attempting to put a belt on a rapidly moving pulley, and that defendant is relieved from liability under the "fellow-servant" doctrine.

Even if it was not the defendant's duty to box the machinery, it must be conceded that the plaintiff was entitled to a reasonably safe place in which to work. The pulley was so located that the belt could not well be adjusted by a person standing on the ladder except by a left-handed man. While the running board eighteen inches wide was not the safest place in the world, it was the only place from which, under the existing conditions, plaintiff could adjust the belt. The collar and set-screw performed no functions. Their presence at that place made it one of great danger to plaintiff, and it was defendant's duty to make and to maintain there as safe a place as reasonably was possible. (*Kreigh* v. *Westinghouse C. K. Co.*, 214 U. S. 256, [53 L. Ed. 984, 29 Sup. Ct. Rep. 619]; *Jacobson* v. *Oakland Meat etc. Co.*, 161 Cal. 432, [Ann. Cas. 1913B, 1194, 119 Pac. 653], and cases there cited.) The shafting had been erected before plaintiff was put to work. Of course if there had been a danger so obvious that plaintiff must have seen it and assumed the risk of working in proximity to it, he could not recover. It was for the jury to say whether or not under all of the circumstances plaintiff was bound to observe the set-screw attached to the collar more than five feet above his head as he worked on the floor of the shed—a menace which was shut off from all possible observation from many parts of the building by the running board beneath it, and rendered invisible by the rapid motion during the time when the machinery was in operation. We can-

not say as matter of law that the jury incorrectly decided this question in plaintiff's favor. If plaintiff was, as he testified, ignorant of the existence of the set-screw, he was under no obligation to investigate. (*Majors* v. *Connor*, 162 Cal. 135, [121 Pac. 371].) The rule of assumption of risk by an employee does not apply where the danger is not obvious; where it is unknown to the employee, and where by the exercise of ordinary care the employer could have discovered and removed it. (*Brown* v. *Sharp-Hansen Con. Co.*, 159 Cal. 94, [112 Pac. 874].)

To the point made by appellant that plaintiff had equal means with it of knowing of the existence of the projecting set-screw, the obvious answer is: 1. That the machinery was installed before plaintiff went to work and that the shaft was not easily observable by him; and, 2. That unless he was charged with the duty of keeping that very place safe, upon his employer rested that obligation.

Nor was the plaintiff guilty as matter of law of contributory negligence. Whether or not a plaintiff is guilty of contributory negligence is usually a question of fact. It is a question of law only when the evidence will support no other legitimate inference than that the plaintiff was guilty of contributory negligence. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 240, [116 Pac. 513].) The evidence was conflicting. Plaintiff testified that he had been instructed to put a belt on a *moving* pulley in case of necessity. Williams, the foreman of the defendant corporation, denied this, but the superintendent, Mr. Hale, admitted that he himself frequently replaced a belt on a running pulley, although he said that he had forbidden plaintiff to do the same thing. Confronted with this conflict of testimony we cannot say that the jurors were mistaken, particularly in view of the statement prepared shortly after the accident by Mr. Searle, one of the employees of the defendant, that the injury was not caused by a violation of rules and that no special caution had been given to the injured person in relation to his duties.

The fellow-servant doctrine does not apply. Plaintiff was alone in the shed at the time of the accident. But it is argued that he pursued the incorrect method of putting on the belt while the machinery was moving, through the advice of Walsh, a fellow-servant, and that therefore he cannot recover; but

from plaintiff's testimony, which the jury accepted as true, plaintiff's foreman, his acknowledged superior, had instructed him how to replace a belt upon a moving pulley.

Over the objection of defendant's counsel plaintiff was permitted to testify that he had seen other employees of the defendant company put belts upon moving pulleys. Appellant insists that the admission of this evidence was erroneous because it was not shown that the acts of these fellow-servants of plaintiff were authorized. In any event defendant was not harmed because all of the witnesses testified without objection that it was proper for an experienced person to put on the belting while the shaft was revolving.

Certain objections were made to the giving of some instructions and the refusal to give others. We have found no error in any of the rulings assailed. The only objection discussed in detail is a mere verbal criticism. The language of the instruction was "If you find . . . that the plaintiff did not know and did not in the exercise of ordinary care discover the existence of the set-screw," etc. Appellant asserts that the test is not what the employee *did* discover but what he *could have* discovered by the use of ordinary care and diligence. The meaning is substantially the same. If one exercises ordinary care to do a thing and does not accomplish it, then it is plain that he cannot accomplish it by the use of ordinary care. Of the other instructions which were offered and refused, one was given in substance elsewhere. Another instruction was in effect that if Walsh, a fellow-servant, taught plaintiff to put the belt on a moving pulley, defendant was not liable for the result of such instruction. This was too broad a statement, and moreover was not justified by the record. Walsh was in charge of the machinery, as he testified. He seems to have occupied a position superior to that of plaintiff, but be that as it may, the instruction did not call the jury's attention to the fact that if the superintendent's teaching had been the same as Walsh's (and plaintiff so testified) the plaintiff would have been justified in believing that it was perfectly proper to put a belt on a moving pulley. The instruction was rightly rejected because it assumed that putting a belt on a moving pulley was *improper*—something by no means proven.

The last offered instruction mentioned in the briefs was one which the court properly refused to give. By it the jury would have been told that defendant was under no duty "to guard or protect" the set-screw on the shaft. If by this defendant meant there was no duty resting upon it to cover the shaft and set-screw with casing or guard, there was no necessity for the instruction. There was no contention nor suggestion that defendant owed such a duty to its servant.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.