[Civ. No. 2633.   Second Appellate District.—October 7, 1918.]

## S. M. WALKER, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

NONSUIT—APPEAL—INFERENCE.—In reviewing the ruling of a court in passing upon a motion for nonsuit every inference which can be reasonably deduced from the testimony must be resolved in support of the ruling.

NEGLIGENCE—STEAM RAILWAY—WARNING OF DANGER—DUTY OF PERSON CROSSING.—A steam railway track, over which trains are constantly operated, is itself a warning of danger, and one approaching with intent to cross the same may not rely upon want of negligence on the part of those operating the train, but, notwithstanding their negligence, is charged with notice of the hazard he assumes in crossing, and is bound to exercise his sight and hearing to ascertain whether a train is approaching at a speed and from a distance which should deter a prudent man, exercising reasonable precautions for his safety, from attempting to cross.

ID.—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—The question of whether one is guilty of negligence is ordinarily one of fact to be determined by the jury, and this is so even where the facts are undisputed, unless it can be said that reasonable minds can draw but one conclusion as to the issue.

ID.—SUFFICIENCY OF EVIDENCE.—In this action to recover damages caused by the negligent operation of a railway train which collided with defendant's automobile, the evidence is held sufficient to warrant the denial of a nonsuit by the trial court and to sustain the verdict of the jury for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert, for Appellant.

I. Henry Harris and Daniel M. Hunsaker, for Respondent.

SHAW, J.—Action to recover damages caused by the alleged negligent operation of defendant's railway train, which collided with plaintiff's automobile at the crossing of a public highway, known as Mission Road, in the city of Los Angeles.

Judgment went for plaintiff, from which and an order denying its motion for a new trial defendant has appealed.

That defendant, at the time of the accident, was guilty of negligence in operating its train not only at an excessive rate of speed, but contrary to the provisions of a city ordinance, and without warning by the use of either whistle or bell, admits of no controversy.

As a defense to the cause of action, however, defendant pleaded contributory negligence on the part of plaintiff and, claiming that as a matter of law such contributory negligence was shown, it, at the close of plaintiff's evidence and based thereon, moved for a nonsuit, which motion was by the court denied. This ruling, claimed to be erroneous, constitutes the chief ground upon which defendant bases its claim for a reversal.

It is settled law that in reviewing the ruling of a court in passing upon a motion for nonsuit, every inference which can be reasonably deduced from the testimony must be resolved in support of the ruling. Applying this rule to the evidence touching the question of defendant's contributory negligence, it fairly appears therefrom that the train which collided with plaintiff's automobile was a nine-car passenger train which at the time approached the crossing noiselessly, coasting downgrade in a westerly direction, at a speed of from 50 to 60 miles per hour; that at the point where plaintiff crossed the track the roadway upon which he was traveling was rough and bumpy, having been plowed up preparatory to paving it, and the grade thereof was some 20 to 25 inches below the defendant's railway track. Plaintiff was familiar with the track and its location and the frequency with which defendant operated trains over the same. In approaching the crossing he stopped his automobile at a point about 75 feet from the railway track, got out and, hearing no bell or whistle, he

looked easterly up the track, along which he had an un-
obstructed view for a distance of eight hundred to one thou-
sand feet; and it appearing that no train was in sight, and
there being no warning to indicate the approach thereof, he
got into his automobile and, traveling over the rough roadway
up to the slight grade, proceeded to cross the track, which at
the speed he traveled consumed some 12 or 15 seconds, during
which time and while so proceeding he did not look further
for the approach of a train.   When he reached the track and
was partially across the same he was, by the blowing of the
whistle, for the first time apprised of the presence of the train,
coming from an easterly direction and then at a point distant
about one hundred to 120 feet from him.   He had so nearly
reached a point of safety that he escaped the engine, but the
hind wheel of his automobile was caught by the step jutting
out from the engine cab and turned over, as a result of which
the injury and damage was sustained.

It is quite true, as claimed by appellant, that a steam rail-
way track over which trains are constantly operated is itself
a warning of danger, and that one approaching with intent to
cross the same may not rely upon want of negligence on the
part of those engaged in operating the train.   Notwithstand-
ing their negligence, he is charged with notice of the hazard
and risk which he assumes in crossing such track, and hence
bound to exercise his faculties of sight and hearing in order
to ascertain whether a train is approaching at a rate of speed
and from a distance which should, under the circumstances,
deter a prudent man exercising reasonable precautions for his
safety from attempting to cross the same.   (*Loftus* v. *Pacific
Electric Ry. Co.*, 166 Cal. 464, [137 Pac. 34], and cases therein
cited.)   It was plaintiff's duty to stop and look and listen for
the approach of a train.   This, as shown by the uncontradicted
evidence, he did, at a point 75 feet from the track.   The ques-
tion of whether one is guilty of negligence is ordinarily one of
fact to be determined by the jury, and even where the facts,
as here, are undisputed, it is nevertheless a question to be de-
termined by the jury, unless it can be said that reasonable
minds can draw but one conclusion as to the issue.   Consider-
ing the character of the vehicle which plaintiff was driving,
that its top was up, rendering it necessary for him to again
stop and get out in order to make his observation, and that
the roadway embraced in the 75 feet over which he must travel

to reach the track, was rough and in a condition which demanded his close attention, taken in connection with the fact that 12 or 15 seconds before he reached the track he had made observations along one thousand feet thereof, upon which no train was in sight, and that except for the excessive speed at which the train was being operated, the 12 or 15 seconds required therefor afforded him ample time to cross in safety, we cannot say as a matter of law the conclusion of the jury in determining that plaintiff, under all the circumstances, exercised reasonable precautions for his safety, was improper. (*Vance* v. *Atchison etc. Ry. Co.*, 9 Cal. App. 20, [98 Pac. 41].)

Conceding the court erred in permitting the plaintiff to propound certain questions to a witness called in rebuttal, no prejudice resulted therefrom for the reason that the answers thereto were favorable to defendant; nor did plaintiff's efforts to impeach his own witness affect the substantial rights of defendant.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1918.