[Civ. No. 457.  Fourth Appellate District.—June 10, 1931.]

ANNA A. WISE et al., Respondents, v. DOROTHY C. STOTT et al., Appellants.

Lewis R. Kirby and L. N. Turrentine for Appellants.

Harrison G. Sloane for Respondents.

GRIFFIN, J., *pro tem.*—This is an action for damages to personal property and for personal injuries sustained in a collision between two automobiles at an intersection of two streets in Ocean Beach, San Diego County, on May 10, 1928. This case was tried before a jury, verdict was given in favor of the plaintiffs, judgment rendered thereon in the sum of $10,000 and from this judgment defendants appeal.

The sole question presented on this appeal is whether or not the evidence showed the plaintiff guilty of contributory negligence as a matter of law. The trial court denied defendants' motion for nonsuit, motion for directed verdict, motion for judgment notwithstanding verdict and motion for new trial. The question whether or not a plaintiff has

been guilty of contributory negligence is usually one of fact for the jury. In *Wynne* v. *Wright,* 105 Cal. App. 17 [286 Pac. 1057], the court in considering this question quoted with approval from *Johnson* v. *Southern Pac. Ry. Co.,* 154 Cal. 285 [97 Pac. 520], as follows: ''It is only where no fact is left in doubt and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' '' (See, also, *Seller* v. *Market Street Ry. Co.,* 139 Cal. 268 [72 Pac. 1006]; *Herbert* v. *Southern Pac. Co.,* 121 Cal. 227 [53 Pac. 651]; *Ogburn* v. *Atchison, T. & S. F. Ry. Co.,* 110 Cal. App. 587 [294 Pac. 491].)

With these rules in mind we will summarize the evidence favorable to the plaintiff to which we must look to support the judgment, if it is to be supported. That the evidence, even of the plaintiff herself, as to some of the facts, was conflicting, must be admitted. Plaintiff Anna A. Wise on the day of the accident was driving her automobile in a northerly direction on Cable Street in the afternoon of a clear day at a lawful rate of speed, less than 15 miles per hour, on her right-hand side of a paved street in a residential district in Ocean Beach. As she approached or was entering the intersection of Narragansett and Cable Streets she testified she made an observation of all four corners of said intersection and did not see any other cars approaching; that her vision of the approaching traffic on all four corners was not to her knowledge obstructed, but that to her left and on the south side of Narragansett Street as she approached Narragansett Street, 103 feet from the property line at the southwest corner of Cable and Narragansett Streets there was a fence, a house and a lot of bushes, which obstructed the view of approaching traffic to some extent. She further testified that she looked first to the right, then to the left, but did not see the approaching car until she was in the intersection. She again looked to her left when in the intersection and saw defendants' car just entering the intersection in the middle of the street to her left. At that time plaintiffs' car

was entirely within the intersection, the front wheels thereof at about the center line of Narragansett Street. Plaintiff observed the defendants' car and noticed the face of the driver turned toward the rear of her car as though she was talking to her boy who was seated to her right in the rear seat of defendants' car. The evidence as to the speed of the defendants' car was conflicting, ranging from 30 to 50 miles per hour, as it proceeded in an easterly direction on Narragansett Street. Defendants' car collided with the rear portion of plaintiffs' car just immediately north of the center line of Narragansett Street in the intersection and immediately east of the center line of Cable Street. Plaintiff testified as follows: Q. Mrs. Wise, going westward from the property line at the southwest of Cable and Narragansett Street, how far is it before you come to the next house? A. To the fence of the next house is 103 feet. Q. Is the house next to the fence? A. Well, not far away from the fence. I did not measure that. It is not far from the fence, but there is a lot of bushes which would obstruct the view of a machine coming—high rose bushes trellised up and things like that . . . Q. As you leave the property line at the southwest corner of this intersection how far is it going south to the first house? A. 53 feet. . . . Q. As you approached the intersection . . . where were you looking? . . . A. Why, I say, I did as I always do on entering an intersection. I always look around all four corners and I did not stop it. . . . Q. Was there any machine in sight at that time? A. No, sir. . . . Q. When you first saw Mrs. Stott's car, your car was in a position headed north on Cable Street, and the head end of it was about directly east from the button, or center of the intersection? . . . A. Yes sir. . . . Her front wheels were over this line when I first saw her car . . . Q. Now if that was the first time that you looked to the left— A. No, no. Q. And saw Mrs. Stott's car— A. I have already told you that was the second time. Q. Well, that is the first time you saw Mrs. Stott's car though? A. Yes, that is the first time, but that is the second time that I looked to the left. . . . Q. How far were you, in your opinion, south of Narragansett Street when you first looked to see if any car was approaching Cable Street on Narragansett Street? . . . A. Well, as I say, I may have been one car length or two

car lengths or three car lengths, or four car lengths, I cannot exactly tell.''

Upon the facts which we have stated we are asked to hold that the plaintiff was guilty of contributory negligence as a matter of law and cannot recover. The defendant invokes the doctrine that for one to look and fail to see that which is in sight is as neglectful as not to look at all. For the purpose of this decision therefore we will assume that when she was entering the intersection and looked, the plaintiff saw, or should have seen, the defendants' car approaching from the west. Would this fact be sufficient to charge the plaintiffs with contributory negligence as a matter of law? There is no dispute as to the right of the plaintiff herein to the right of way, she having entered the intersection first. (*Lipp* v. *Moon*, 100 Cal. App. 618 [280 Pac. 710]; sec. 131, Motor Vehicle Act.) ■ While the plaintiff was exercising ordinary care in the operation of her car, she had the right to assume that the defendant would also use ordinary care to avoid an accident and would obey the law and yield the right of way at the intersection. (*Crabbe* v. *Rhoades*, 101 Cal. App. 503 [282 Pac. 10].) Appellants lay considerable stress upon the case of *Bullock* v. *Western Wholesale Drug Co.*, 91 Cal. App. 369 [266 Pac. 978], to support their contention, but the facts in that case differ from the facts in this case and indicate that the driver failed to look at all to the left until he was in the intersection at about the time he was struck, in which case it was rightfully held, we think, that ''it was a duty devolving upon plaintiff, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger was to be anticipated. This was a continuing duty and was not met by looking once and then looking away.'' The court held: ''Admitting for the sake of argument, *but without deciding,* (italics ours) that the trial court may have been justified in its conclusion that the plaintiffs were guilty of contributory negligence as a matter of law . . . nevertheless it appears from the evidence that the defendant . . . had the last clear chance to avoid the accident''; and reversed the case on the last ground stated without deciding the first question raised. In the case of *Wynne* v. *Wright*, 105 Cal. App. 17 [286 Pac. 1057], a similar

state of facts to that here presented was considered, and the same law is applicable. This case was cited as authority in a later case of *Page* v. *Mazzei,* (Cal. App.)* [299 Pac. 119, 121], holding: "When we bear in mind the atmospheric condition prevailing at the time of the accident, the low visibility caused by the fog and the windshields of the automobiles clouded with accumulated dampness, together with the fact that Mr. Page looked in the direction in which appellant's car was approaching and failed to see it, we have concluded that the question of his contributory negligence was one of fact and was properly left to the determination of the jury." The cases of *Kienlen* v. *Holt,* 106 Cal. App. 135 [288 Pac. 866], and *Sites* v. *Howrey,* 108 Cal. App. 348 [291 Pac. 597], give further support to this contention. Considering the comparative rates of speed of the two cars as they approached the intersection, the conditions as to visibility and the question as to whether or not the acts of the plaintiff, if negligent, contributed to the cause of the accident, were questions to be determined by the jury. Therefore we feel that the facts in this case do not justify us in holding that the plaintiff was guilty of contributory negligence as a matter of law. The question was submitted directly to the jury and a finding resulted adverse to the appellant. While we are well aware that there is evidence in the record contradictory to the facts we have set forth in this opinion, upon the jury and the trial judge rested the responsibility and duty of determining the weight to be given to the evidence, its sufficiency, and the credibility of the witness. Where there is a conflict in the evidence, there is no reason for disturbing a judgment where, as in this case, it is supported by competent and material evidence.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

---

*Reporter's Note.—A hearing was granted by the Supreme Court in the case of *Page* v. *Mazzei* on June 29, 1931. The final opinion of the Supreme Court in this cause, filed September 21, 1931, is reported in 213 Cal. —— [3 Pac. (2d) 11].