[Civ. No. 8905. Second Appellate District, Division Two.—December 10, 1934.]

LEONORE DEMPSEY et al., Appellants, v. STAR HOUSE MOVERS, INC. (a Corporation), et al., Respondents.

Harry D. Parker and Raymond G. Stanbury for Appellants.

Sherman & Sherman for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs, heirs at law of James P. Dempsey, brought this action for wrongful death of the latter which occurred when the automobile driven by him collided with a house being moved on the highway by defendants. From judgment of nonsuit plaintiffs have appealed.

At 2:30 A. M. on a dark night deceased was driving north on Broadway in Los Angeles County near One Hundred and Twenty-eighth Street. The paved road was 30 feet wide with dirt shoulders. Defendants were moving a house 28 feet 4 inches wide, going south. The house was pulled by a truck, the headlights of which were 36 feet in front of the house. The center of the truck and of the house was in the center of the road, the bottom of the house being 4 feet above the pavement. The only witness to the accident called by plaintiffs was the defendant Martin, called under Code of Civil Procedure, section 2055. He testified that the truck's headlights were lighted and that there were two red lanterns and one white lantern hanging together at the left front corner of the house; that as deceased approached within 250 feet Martin waived a red lantern at him, and that deceased swerved to the right as he passed the truck and then collided with the corner of the house.

■ While evidence of a defendant under section 2055 of the Code of Civil Procedure is not binding on the plaintiff, nevertheless it is evidence in the case, to be considered together with any other evidence in the light most favorable to plaintiff when the court is determining a motion for nonsuit. (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529].) ■ Where, as in this case, a reasonable man might have concluded from the testimony of such witness that defendants had not exercised a degree of care commensurate with the hazard which they had created, it became a question of fact for the jury. (*Stockton Automobile Co.* v. *Confer*, 154 Cal. 402 [97 Pac. 881] ; *Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596 [112 Pac. 53].) ■ There was no· evidence binding on plaintiffs on the basis of which the trial court could hold that deceased was guilty of contributory negligence as a matter of law. The motion for nonsuit should have been denied. (*Marchetti* v. *Southern Pacific Co.*, 204 Cal. 679 [269 Pac. 529].)

Judgment reversed.

Stephens, P. J., and Crail, J., concurred.