[Sac. No. 5676. In Bank. Jan. 31, 1945.]

SADIE ANTHONY et al., Appellants, v. DON G. HOBBIE, Respondent.

J. Oscar Goldstein and Burton J. Goldstein for Appellants.

Rich & Weis and Richard H. Fuidge for Respondent.

CARTER, J.—Plaintiffs are the wife and daughter respectively of H. L. Anthony, deceased, who was killed when an automobile driven by defendant struck him at a point on the Sacramento-Marysville highway known as 99E about five miles south of Marysville in Yuba County on January 31, 1941, at about 1:45 a. m. Defendant was driving his car north en route from Sacramento to Oroville. The highway at the scene of the accident is paved and 20 feet in width exclusive of shoulders. Riding with defendant at the time of the accident were his employee, R. D. Caton, and an unidentified woman.

According to the testimony of defendant who was called by plaintiffs under section 2055 of the Code of Civil Procedure, he ran out of gas several miles south of the scene of the

accident. He flagged a south bound motorist with whom he rode to a service station in Marysville to obtain gas. He was accompanied on the trip by two women, one of whom remained in Marysville. He contacted a Mr. Muller in regard to his difficulty and returned with him to where his car was stalled. He proceeded north at about 1:30 a. m. The pavement was dry, sky overcast and he had passed through "a few fog banks lying low on the ground." His speed was about 50 miles per hour. His brakes and headlights were functioning properly. Just before the accident he was talking to the woman sitting beside him in the front seat; he looked at a car with headlights burning parked on the east side of and off the highway and when he got his eyes back to the road the "next thing (I saw) this man was right in the middle of the road in front of me. Q. You didn't slow down when you saw the car parked on the highway near the Southern Pacific tracks? You kept on at about the same speed? A. Yes." He had just come out of a fog bank and his lights may have been on low beam, under which circumstances it is more difficult to observe an object in the center of the road. He also testified with reference to his observation of decedent before the impact, that he was 75 to 100 feet away; that he was standing on the west side of the white center line, facing east with both arms in the air; that he looked like he was falling forward or trying to get out of the way; that he was three feet east of the white line when defendant's left front fender struck him; that decedent was crossing the highway from west to east when he saw him; that he first applied his brakes at the point of impact. He was travelling on the east side of the center line.

Plaintiffs called three witnesses to the accident. F. W. Muller, the man who brought the gasoline to defendant from Marysville testified that he followed defendant north after delivering the gasoline, and travelled about 235 feet to his rear for about three or four miles to the place of the accident. There was no other traffic on the highway at the time of the accident. Defendant did not slow down before the collision. This witness did not see decedent before the impact but saw his body fly through the air. The car parked on the east side of the highway belonged to Mrs. Inez Hansen, and was stuck in the mud. It was headed northeast. Defendant told him the accident happened so quickly he did not know what occurred. Defendant's car was on the east side of the center line at the time of the impact. He stated that Mrs. Hansen kept saying

"stop the car." . . . "You can't do that to him"; that she had been drinking.

H. L. Williams, a traffic officer who arrived at the scene of the accident sometime thereafter testified that he found a shoe and the lens of spectacles and broken headlight glass about four or five feet in from the east side of the highway. There were tire marks from about 10 feet south of where the above mentioned articles were found extending 206 feet north. The marks commenced about 40 feet diagonally from where decedent's body landed, which was at a point about five feet from the west edge of the pavement and 15½ feet west of the center line. He said defendant told him that "all at once" he saw decedent standing in front of his car and did not apply his brakes until he struck him; that when he saw the man it was too late to keep from hitting him.

Plaintiffs called Mrs. Hansen, who, together with decedent had been the occupants of the car parked beside the road near the scene of the accident. She stated that she had no recollection of what occurred. An attempt by plaintiffs to impeach her by reference to her testimony given at the coroner's inquest was refused by the trial court.

The trial court, after denying defendant's motion for a nonsuit, granted his motion for a directed verdict, and the jury returned a verdict accordingly on which a judgment was entered in favor of defendant.

Inasmuch as this is an appeal from a judgment entered on a directed verdict, only the evidence most favorable to plaintiffs need be examined, the testimony of defendant's witnesses may be disregarded, and if there is any substantial evidence from which the jury could have found for plaintiffs, the judgment must be reversed. The rule with reference to sufficiency of the evidence on appeal from a judgment after a directed verdict is the same as on an appeal from a nonsuit. (24 Cal.Jur. 913-916.)

Clearly, the evidence is sufficient for the jury to have found that defendant was negligent and that his negligence was the proximate cause of the death. The speed at which defendant was driving at night where there were occasional fog banks and an overcast sky, the evidence that he did not see decedent until he was immediately in front of his car, and that he had looked away from the road toward the car parked beside the road, establish circumstances from which it could be said that defendant was negligent. The issues of negligence

and proximate cause are essentially questions of fact. The various factors above mentioned are such as may justify the trier of fact in imposing liability on the driver of a vehicle striking a pedestrian. (See 2 Cal.Jur. 10-Yr.Supp., Automobiles, pp. 368, 370-372.)

Turning to the question of contributory negligence on the part of the decedent, certain rules must be remembered. ██ The burden of proving contributory negligence is upon the defendant. (19 Cal.Jur. 697-699.) True, contributory negligence may be found by the trier of fact from the plaintiffs' own evidence. But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. (See *Johnson* v. *Southern Pacific R. R. Co.*, 154 Cal. 285 [97 P. 520]; *Wise* v. *Stott*, 114 Cal.App. 702 [300 P. 883]; *Heitman* v. *Pacific Electric Ry. Co.*, 10 Cal.App. 397 [102 P. 15]; *Daly* v. *Hinz*, 113 Cal. 366 [45 P. 693]; *Robinet* v. *Hawks*, 200 Cal. 265 [252 P. 1045]; *McVea* v. *Nickols*, 105 Cal.App. 28 [286 P. 761]; *Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482 [66 P. 734]; *Walker* v. *Southern Pacific Co.*, 38 Cal.App. 377 [176 P. 175]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 P. 513]; *Moss* v. *H. R. Boynton Co.*, 44 Cal.App. 474 [186 P. 631]; *Green* v. *Southern Pac. Co.*, 53 Cal.App. 194 [199 P. 1059]; *Kienlen* v. *Holt*, 106 Cal.App. 135 [288 P. 866]; *Grimes* v. *Richfield Oil Co.*, 106 Cal.App. 416 [289 P. 245]; *Schellin* v. *North Alaska Salmon Co.*, 167 Cal. 103 [138 P. 723]; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 P. 125]; *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 P. 500]; *Flores* v. *Fitzgerald*, 204 Cal. 374 [268 P. 369]; *Toschi* v. *Christian*, 24 Cal.2d 354 [149 P.2d 848].) ██ Finally, the plaintiff is not bound by the testimony elicited from defendant under section 2055 of the Code of Civil Procedure. On appeal he may rely upon the portion of such evidence that is favorable to him and disregard the unfavorable portion in support of a judgment in his favor or in his attack on a directed verdict.

(See *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 P. 529] ; *Estate of Lances*, 216 Cal. 397 [14 P.2d 768] ; *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 P. 529] ; *Bushnell* v. *Yoshika Tashiro*, 115 Cal.App. 563 [2 P.2d 550] ; *Dempsey* v. *Star House Movers, Inc.*, 2 Cal.App.2d 720 [38 P.2d 825] ; *Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal.2d 64 [77 P.2d 1059] ; *People* v. *Mahoney*, 13 Cal.2d 729 [91 P.2d 1029].)

█ In the instant case, disregarding the testimony of defendant under section 2055, which is unfavorable to plaintiffs, the most that appears from plaintiffs' evidence is that at the time of the accident decedent was on the highway probably near the middle thereof, and defendant was driving on his right hand side of the road. It does not appear whether decedent was standing there for no purpose, was in the process of walking across the highway, or was endeavoring to flag down a passing motorist for assistance. It may be true that he was in a place of danger, but that is true of any pedestrian on the highway at night or in the daytime. Merely being on the highway is not necessarily negligence on his part. It may have been that he was there for a legitimate purpose, such as crossing the highway, and that he was observant of oncoming traffic, but was blinded by defendant's headlights, or misjudged defendant's speed. Those conditions would indicate a lack of contributory negligence rather than its existence. At most it cannot be said that merely being afoot on a highway at night alone leads to only one possible conclusion, that is, contributory negligence; or that if it was negligence, it proximately contributed to the accident. Hence, it cannot be said the plaintiffs' evidence established contributory negligence as a matter of law. But in addition to the foregoing, even the evidence elicited from defendant does not necessarily establish that conclusion. He testified that when he saw decedent he was three feet *west* of the center line and facing east. If so, he may well have been in a proper position waiting for defendant to pass, or may have been endeavoring to flag defendant down to obtain assistance for the parked car which was stuck in the mud.

█ The plaintiffs are entitled to the aid of the presumption that decedent used due care for his own concerns. (Code Civ. Proc., § 1963 (4).) The case was a proper one for the application of that presumption. (*Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590].) That such presumption was not dispelled from the case is obvious from the foregoing discussion showing

that plaintiffs' own evidence did not show decedent was guilty of contributory negligence as a matter of law. Certainly if he was not guilty of contributory negligence as a matter of law, there is no evidence completely refuting the presumption that he was not. The rule is stated in *Westberg* v. *Willde, supra,* 365, quoting from *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 P. 269]:

" '. . . a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case.'

"In the instant case the defendants do not contend that *as a matter of law decedent must be held to have been guilty of contributory negligence.* That is, they do not urge that the evidence is *'wholly irreconcilable' with the presumption.* It was therefore no error to give the questioned instructions under those circumstances." (Italics added.) We have seen that in the instant case the evidence is not wholly irreconcilable with the exercise of ordinary care by decedent, but is in fact compatible with it.

For the foregoing reasons the judgment is reversed.

Gibson, C. J., Shenk, J., and Schauer, J., concurred. Traynor, J., concurred in the judgment.

EDMONDS, J.—I concur in the conclusion of Justice Carter that as there was substantial evidence from which negligence of Hobbie and the lack of contributory negligence of H. L. Anthony might be inferred, the trial court improperly directed the jury to return a verdict in favor of the defendant. But I cannot agree with the holding that, under these circumstances, the "plaintiffs are entitled to the aid of the presumption that decedent used due care for his own concerns."

The disputable presumption stated in section 1963, subdivision 4, of the Code of Civil Procedure, is: "That a person takes ordinary care of his own concerns." A plaintiff may not call this statute to his aid and have the benefit of an instruction embodying its provisions upon the ground that the evidence presented by him, as in this case, is not wholly irreconcilable with the presumed fact. When the evidence

of the plaintiff discloses the circumstances concerning the happening of the accident, the presumption that the person killed or injured used ordinary care is dispelled and it is error to instruct the jury in regard to the code section. (*Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16]; *Paulsen* v. *McDuffie*, 4 Cal.2d 111 [47 P.2d 709]; *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 P. 884].)

The plaintiffs who are prosecuting the present appeal are not bound by the testimony of Hobbie given under section 2055 of the Code of Civil Procedure, but there was other evidence produced by them from which the jury reasonably could have inferred that H. L. Anthony was guilty of negligence at the time of the fatal accident. F. W. Muller, a witness for the plaintiff, testified that just before the accident, the Chevrolet driven by Hobbie was then traveling in the proper lane of traffic. Muller heard a thud, and saw Anthony thrown into the air. According to a state traffic officer also called to testify for the plaintiffs, immediately after the accident Hobbie declared that when he saw Anthony the man was directly in front of his automobile. Other testimony of the officer relating to the physical facts at the scene of the collision tends to prove that the Chevrolet was on the right hand side of the road, and collided with Anthony while he was standing directly in its lane of travel.

These facts, to some extent, show the situation and acts of Anthony immediately before he was struck by the Hobbie car and bring the case within the rule of *Speck* v. *Sarver, supra,* where a majority of my associates, after observing that "the jury was justified in making its implied finding that plaintiffs were free from contributory negligence," held that the giving of an instruction stating the presumption of due care was error. It was said that although Speck's evidence was not wholly irreconcilable with the fact presumed, "such an instruction . . . should not be given where the evidence introduced by the plaintiff discloses the acts and conduct of the injured party immediately prior to or at the time in question" (pp. 587-588).

For these reasons, as I read the record, the opinion of my associates should not include the declaration that the case presented by the plaintiffs was a proper one for the application of the presumption of due care.