[Civ. No. 8464.   Third Dist.   June 23, 1955.]

ALLEN L. DUFF, Respondent, v. A. TEICHERT AND SON, INC. (a Corporation), Appellant.

Desmond, McLaughlin & Russell and Gerald M. Desmond for Appellant.

Richard J. Lawrence for Respondent.

SCHOTTKY, J.—Plaintiff above named commenced an action against defendant corporation to recover damages for injuries received when the motorcycle on which he was riding

skidded, throwing him to the ground. He alleged that his injuries were caused by the dangerous and defective condition of the street and the negligence of defendant. Defendant in its answer denied any negligence and also pleaded contributory negligence on the part of plaintiff. The action was tried by the court without a jury, and judgment was rendered in favor of plaintiff for the sum of $3,895.50.

Defendant has appealed from said judgment and states the questions involved as follows:

"I. Was the Honorable J. O. Moncur qualified under the Constitution of the State of California to act as a judge and render a judgment in this case?

"II. Was there any substantial evidence to support the finding of fact that the accident and plaintiff's injury were caused by the negligence of defendant?

"III. Did the evidence establish as a matter of law that the accident was caused by the contributory negligence of defendant?"

Since this appeal was filed our Supreme Court, in the case of *Pickens* v. *Johnson,* 42 Cal.2d 399 [267 P.2d 801] (in which case Judge Moncur was also the trial judge), has decided that a retired judge of the superior court, when properly assigned by the chairman of the Judicial Council, may try a case in the superior court under such assignment. This decision disposes of appellant's contention that Judge Moncur was not qualified to act as a judge in the instant case.

Before discussing appellant's remaining contentions, which involve the sufficiency of the evidence, we shall give a brief summary of the evidence as shown by the record.

Defendant corporation performed some paving work and installed gutters and curbs on Wright Street in a subdivision known as Vienna Woods, in Sacramento County, during 1950, under contract with the county, completing the work in June or July, except that it went back twice thereafter to clean up loose rocks, gravel, and sand. This latter procedure was by hand-sweeping the loose materials into the gutters into piles, and then later shoveling them into trucks for removal.

On the 30th of August, 1950, plaintiff operated his motorcycle on said Wright Street to his residence at number 2641, and turned to proceed into his driveway. As the cycle passed over the gutter, it slipped in an accumulation of rock and gravel therein and fell upon plaintiff's right leg, fracturing same.

Plaintiff and his several witnesses testified that in the

morning of the day of the accident, there was loose gravel and rock scattered around the street, but that, when plaintiff returned, most of this material had been accumulated into a layer covering the gutter at a depth of "about an inch and a half, two inches or three inches." One witness, plaintiff's wife, testified she saw a street sweeper go by on the street during the day, but she was not able to say whose sweeper it was or who was operating it or to otherwise identify it.

At the time plaintiff's motorcycle passed over the gravel in the gutter he had completed his turn and was headed approximately straight and was going at a slow speed, approximately 5 to 7 miles per hour, and it was then that the cycle slipped and fell upon his leg.

Plaintiff testified he had known of and had complained of the rocky material in the street in front of his residence for a period of several months, and further testified that before he passed over the gutter prior to the accident he was aware of the gravel in the street but not in the gutter. Plaintiff had been operating motorcycles since 1939 and was familiar with their operation.

Other evidence will be referred to in the course of this opinion.

Appellant contends that there is no substantial evidence to support the finding that it was negligent and thereby caused respondent's injuries. Appellant argues that the case was tried upon the theory that the negligent act complained of was the sweeping of gravel into the gutter on the day the accident occurred, but that (1) there is no evidence to show that this act was done by appellant or anyone acting for it, and (2) assuming for sake of argument that appellant did sweep the gravel into the gutter in the manner testified to, such act did not constitute negligence in any respect or create a dangerous condition.

Appellant asserts that there is no evidence to show that appellant was in anywise connected with the sweeping of gravel into a layer in the gutter in front of plaintiff's driveway on the day in question prior to plaintiff's operating the cycle over same because the sweeper was not identified and because witness Ahlgren, superintendent of defendant's street contract work here involved, testified without contradiction that defendant finished its work on this street prior to the accident. However, the record shows the following testimony

by Frank Ahlgren, appellant's superintendent of the Vienna Woods job, upon direct examination by appellant's counsel:

"Q. Can you tell me when the job was completed, the paving job? A. On Wright Street?

"Q. Yes. A. That was completed in June because we oiled it before the first of July. Just a minute, I will look it up.

"Q. I am not concerned with the exact date, I just want your recollection as to when the work was completed and you think it was June or July, is that right? A. Yes.

"Q. Now, so far as the curbs and gutters and the paving of Wright Street or any work on Wright Street, did your company perform any work on that street later than July, 1950? A. We went back twice and cleaned up loose rocks and dust or sand, whatever it was, while we were waiting for the county to accept our job.

"Q. When was it accepted, do you recall? A. No. I don't recall when they accepted the job."

While it does not clearly appear when the job was accepted by the county, it does appear that loose rocks and sand were left in the street after the paving was completed and that appellant went back twice after July, 1950, to clean up loose rocks and dust and sand. It is a reasonable inference from the record that if the paving job had been accepted by the county prior to the accident that fact would have been brought out in the evidence and relied upon by appellant. And it also is a reasonable inference that if the paving job had not yet been accepted by the county the sweeping that was done on the day of the accident was done by appellant's employees.

Appellant next contends that even if the gravel was in the gutter by reason of its acts, no dangerous condition was created by the sweeping of gravel into the gutter to a depth of from 1½ to 3 inches.

Appellant argues that to hold it liable would be to make local governmental units and private construction companies using commonly accepted methods of construction or maintaining commonly used types of highways insurers of any persons who might be injured upon roads in this state which are gravel surfaced or have gravel shoulders or which in the process of construction have loose material upon the surface, provided such persons were injured in slipping or sliding accidents caused by the loose materials. However, it must be borne in mind that appellant could have posted warning signs, could have sooner removed this rock, and could have seen that the rock when swept into piles in the gutter did not block drive-

ways, and that the surface of the portion of the street in ques-ion at the time of plaintiff's injuries was not the normal sur-face. There was testimony that a month or two prior to the accident the street had been paved by oiling, graveling, and sweeping, but the debris was allowed to remain. Furthermore, this excess sand and gravel was not just the normal surface layer which did not imbed itself in the oil layer underneath, but was such excess accumulated in a relatively thick layer in the concrete gutter where it would be expected to give a loose and unstable footing.

The trial judge stated in his memorandum opinion: "I am satisfied that the defendant was negligent in allowing the gravel to be in the driveway as described in the evidence and that the plaintiff was not guilty of any contributory negli-gence." We believe that the issue of negligence was one of fact for the trier of facts to determine and that we cannot say as a matter of law that the causing of the gravel to be placed or to remain in the gutter during the course of street construc-tion was not negligence and did not create any danger to users of the street. We are satisfied that the record discloses facts from which the court could properly draw the inference of negligence on the part of appellant.

Appellant's final contention is that the evidence established as a matter of law that the accident was caused by the con-tributory negligence of plaintiff. In support of this contention appellant states: (1) that plaintiff knew of the loose rock and gravel upon the street for a number of months; (2) that plain-tiff further knew on the day of the accident of the accumula-tion of gravel in the gutter in front of his driveway as he approached, but he proceeded across it on the motorcycle; (3) that plaintiff had been driving motorcycles since 1939 and had owned three of them in that period and was familiar with their operation; and (4) that plaintiff went onto the gravel layer while traveling in a straight line and going at a slow rate of speed, five to seven miles per hour.

There appears to be no dispute as to the correctness of their statements except that respondent testified that he was aware of the gravel in the street but that "When I returned at night the whole collection of rocks and gravel was in the gutter rather than scattered across the street, approximately an inch and a half, two, maybe three inches deep."

The rule as to the defense of contributory negligence is well stated in *Anthony* v. *Hobbie*, 25 Cal.2d 814, at 818 [155 P.2d 826], as follows:

" . . . The burden of proving contributory negligence is upon the defendant. (19 Cal.Jur. 697-699.) True, contributory negligence may be found by the trier of fact from the plaintiffs' own evidence. But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. [Citing numerous cases.]"

Bearing in mind this familiar rule, we do not believe that under the facts shown by the record in the instant case it can be held as a matter of law that the trial court erred in concluding, as he did conclude, that the respondent was not guilty of contributory negligence. We are satisfied that the question of contributory negligence was one of fact for the trial court to determine and that there is substantial evidence in the record from which the trier of the facts could conclude that plaintiff used due care even though an accident did happen and even though plaintiff did approach and enter into a situation fraught with some peril.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.