[Civ. No. 8884.   Third Dist.   Oct. 19, 1956.]

ELLA EDITH TOWERS, Appellant, v. THE MASSEY-HARRIS COMPANY (a Corporation) et al., Respondents.

Ralph E. Kingston for Appellant.

Neumiller, Ditz, Beardslee & Diehl, Irving Neumiller and Joseph W. Diehl for Respondents.

VAN DYKE, P. J.—Plaintiff-appellant is the surviving widow and sole heir of Guy A. Towers, who was killed while taking part in the loading of a combine harvesting machine upon a flatbed truck. The combine was self-propelled. Defendant-respondent Louis E. Amborn drove it up a loading ramp consisting of planks, with one end resting on the ground and the other on the rear of the flatbed. As Amborn drove up the ramp, Towers descended from the bed of the truck, from which point he had been directing Amborn and passed around to the back of the combine with the apparent purpose of seeing that all the wheels were properly on the planks. At this point he was out of sight of Amborn, but Amborn knew where he was. When Amborn had driven the combine onto the planks, it suddenly ran back down, crushing and killing Towers. Appellant brought action against the partnership of which Amborn was a member and against its partners individually, alleging that they, through Amborn, so negligently operated the machine as to cause it to back down the ramp. She pleaded this negligence generally in the sense that she made no attempt to describe exactly the negligent conduct of Amborn. At the trial appellant proved the foregoing facts. She went further and introduced evidence tending to prove a theory of negligent conduct, consisting in Amborn's having failed to detect mechanical defects in the harvester which permitted it, during the operation, to run back down the ramp. The evidence suggested that the immediate cause of the harvester's failure

to proceed up the plank and onto the flatbed truck was that the low forward gear which Amborn was using was defective and jumped out, thus releasing the machine. At the close of appellant's evidence, the trial court granted a nonsuit, and from the judgment following this appeal is taken.

Respondents' counsel assert that the trial court was justified in nonsuiting appellant upon each of two grounds: (1) That there was no proof of negligence on the part of Amborn, and, (2) That, as a matter of law, Towers was guilty of contributory negligence. In our view, neither ground is tenable, and the judgment appealed from must be reversed.

■ All of the testimony was elicited from defendants under section 2055 of the Code of Civil Procedure. On appeal, therefore, appellant may rely upon the portion of such testimony that is favorable to her and disregard the unfavorable in her attack on the nonsuit. (*Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d 826].) ■ Respondents Louis E. Amborn and his wife were eyewitnesses, and the description of the accident is found in their testimony. It may be summarized as follows: In addition to what has been stated, it appeared that Amborn had arranged with the trucking company, which employed Towers, to send a flatbed truck and trailer with driver to a ranch where the harvester was standing, at which point Amborn engaged to meet the driver. At the appointed time Mr. and Mrs. Amborn arrived at the ranch where the harvester was and found Towers there with his truck and trailer. Towers had placed the loading planks in position, and Amborn thereupon got onto the operating platform of the harvester, started the motor, placed the machine in low forward gear and started to drive it toward the ramp, being guided by Towers. When the front tracks of the harvester engaged the two outer planks Towers got off the rear end of the trailer and passed around behind the harvester where he checked the two inside planks to see if they were in proper position to receive the rear wheels. He stooped over, attempting to adjust one of the planks, at which moment the harvester moved rapidly backwards and crushed him. Res ipsa loquitur applies to the situation presented by the foregoing facts and raises the inference of negligent conduct on the part of Amborn as the proximate cause of the death of Towers. (*Zentz* v. *Coca-Cola Bottling Co.*, 39 Cal.2d 436 [247 P.2d 344].)

■ Appellant did not lose the benefit of the rule res ipsa by introducing testimony purporting to show that Amborn

was negligent in not having carefully inspected the mechanism of the harvester and thus discovering the claimed defect in the gears. ''Where the plaintiff introduces only some circumstantial evidence suggesting a definite cause for the accident, it cannot be said that the normal inferences are defeated.'' (''*Res Ipsa Loquitur in California*,'' by William L. Prosser, 37 Cal. Law Rev., p. 214; *Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 620, et seq. [155 P.2d 42, 158 A.L.R. 1008].)

■ The facts do not convict Towers of contributory negligence as a matter of law, and it was for the jury to decide whether such negligence existed. Presumably, he was using due care for his own safety, and that presumption is not dispelled by anything appearing in the record here. ■ The jury could consider that automotive equipment with which we are all generally familiar has reached such a point of excellence in design and manufacture that a machine such as this, intended to propel itself on various gradients, would not ordinarily, if properly operated, suddenly back down a ramp up which it was propelling itself. ■ Towers was not bound to anticipate any negligence of Amborn who was shown to have had considerable experience with these machines and with the driving of them, including driving them up loading ramps, and the jury could conclude that there was no necessary inconsistency with ordinary care involved in Towers' conduct.

Respondents contend that facts before the court, independently of any testimony, conclusively demonstrate the contributory negligence of Towers as a matter of law. Our attention is directed to the opening statement of appellant's counsel in connection with the various exhibits consisting of photographs of the harvester, of the truck and trailer and of the loading ramp. We have examined these and have concluded that, singly or all together, they do not have the effect for which respondents contend. In the opening statement it is true that counsel advanced a theory of negligence heretofore noted and having to do with a mechanical defect as being the cause of the accident, which defect Amborn ought to have detected. But there was nothing in the opening statement which can be taken as waiving the benefit of the rule res ipsa, or as disposing of appellant's right to rely on the rule. Neither the opening statement nor the evidence introduced in support of that theory destroyed the inference that Amborn was negligent; much less did the opening statement and the

facts introduced in evidence which we have already heretofore discussed, taken all together, prove Mr. Towers to have been guilty of contributory negligence as a matter of law.

For the reasons given, the judgment appealed from is reversed.

Peek, J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied November 13, 1956, and the petition of respondents Louis E. Amborn, Mrs. Louis E. Amborn, Herbert E. Cunningham and Mrs. Herbert E. Cunningham for a hearing by the Supreme Court was denied December 12, 1956. Schauer, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.