[Civ. No. 3941. Third Appellate District.—December 16, 1930.]

ANNA A. HAYES, Respondent, v. RALPH W. EMERSON, Appellant.

[Civ. No. 3942. Third Appellate District.—December 16, 1930.]

GENEVIEVE M. KING, Respondent, v. RALPH W. EMERSON, Appellant.

J. Hampton Hoge, Len H. Honey and A. Dal Thomson for Appellant.

Dutton & Gilkey for Respondents.

MR. JUSTICE PRO TEM. TUTTLE DELIVERED THE OPINION OF THE COURT.—These are actions brought to recover damages on account of personal injuries received in an automobile collision. The two actions were consolidated and tried together. In each case the jury brought in a verdict for plaintiff against appellant only, and this appeal is taken from the judgments so rendered.

The plaintiffs were passengers in the automobile of defendant Fairfield, and the collision occurred at the intersection of two streets in the city of Roseville. Reversal of the judgments is sought upon the following grounds: Firstly, that the court erred in admitting a certain photograph in evidence, and, secondly, upon the ground that the court erred in giving two instructions.

The charge of negligence against defendant Emerson was that of excessive speed in approaching an intersection of highways when the driver's view is obstructed, in violation of the California Vehicle Act, section 113, subsection (b), subdivision 2 [Stats. 1923, p. 553; Stats. 1927, p. 1436, sec. 30]. This act fixes the lawful speed under such circumstances at fifteen miles per hour. It is not disputed that there is evidence which would justify the jury in finding that the physical facts made this section of the law applicable to the case.

Within an hour after the accident, witness Edwin Overhaltzer testified that he arrived at the scene from

Sacramento; that along the street where defendant Emerson's car approached the intersection he found skid marks four inches in width; that these marks extended from forty to forty-five feet; that these skid marks were on the pavement and showed black, burned rubber; that he had the marks painted with white lime, and that they were photographed the next day. The photograph was admitted in evidence, and this is assigned as prejudicial error.

The rule of evidence with reference to admitting photographs in evidence is found in 10 California Jurisprudence, page 896: "Where a photograph is shown to be a faithful representation of what it purports to reproduce, it is admissible as an approximate aid in applying the evidence, and this is equally true whether the photograph be of persons, things, or places. . . . It is for the trial court to determine whether a photograph offered is a correct representation of the object or scene in question, and its ruling will be sustained on appeal unless it is apparent that there has been an abuse of discretion."

It is not seriously questioned by appellant that if a photograph of the marks had been taken *before they were painted,* it would have been admissible. The chief objection appears to be that the marks were painted before being photographed. The cases relied upon by appellant are those which involve a reproduction by photography of a planned or hypothetical situation or condition, and the photographs were offered more for the purpose of illustrating certain theories as to how the accident happened. In the instant case several witnesses testified that the painting followed the line of the skid marks. It may be true, as appellant says, that "it (the photograph) formed a graphic and inescapable representation of appellant's skid marks which no amount of oral testimony could contravene". This is simply an admission that the facts sought to be proven were true, but that they were too vividly portrayed before the jury. We are satisfied that the instant case does not come within the rule contended for by appellant. No object in the photograph was placed before the jury which was not there at the time of the accident. We see no reason why the mere painting of an object, in order that it may be more vividly reproduced by means of photography, renders the photograph inadmissible. This is always subject to the rule that the

trial court must be satisfied that the object photographed' is a faithful representation of what it purports to reproduce. If the color of the marks were an issue in the case, a more serious question would be presented. No such contention is made here. Necessarily, a large measure of discretion is vested in the trial court in ruling upon a question of this character. ■ We cannot say that the court here abused its discretion. Furthermore, we are not prepared to hold that this evidence was prejudicial to defendants or that the jury would have arrived at a different conclusion if it had been excluded. A number of witnesses testified to the length and character of the skid marks and also to the unlawful speed of defendant's automobile. Thus the fact in issue (and sought to be proved by these marks)' was in evidence from several other independent sources.

■ Error is assigned in the giving of two instructions. There is nothing in the record to indicate whether they were proposed by appellant or respondents. The latter now contend that this court must presume that these instructions were proposed by appellant, and that he therefore cannot attack them, under the authority of 2 Cal. Jur., p. 870; *Fawkes* v. *Reynolds,* 190 Cal. 204 [211 Pac. 449, 451]; *Finkelstein* v. *Cosgrove,* 83 Cal. App. 201 [256 Pac. 605]; *Gray* v. *Eschen,* 125 Cal. 1 [57 Pac. 664], and other cases. The case of *Fawkes* v. *Reynolds* appears to be the most recent pronouncement of the Supreme Court upon this question. In that case the record failed to show by whom the instructions were offered, but the court considered the sufficiency of the instructions, over the objections of respondent. While stating the rule to be that under such circumstances instructions would not ordinarily be reviewed, the court went on to say: "In the bill of exceptions now before us it appears that the instructions were all given by the court, and under the law since 1909 each party has an exception thereto (Code Civ. Proc., sec. 647; Stats. 1909, p. 586.) Without further showing in the bill of exceptions the plaintiff is entitled to attack the correctness of the instruction. *If the instruction was given at the request of the plaintiff, that fact should have been made manifest by the incorporation of plaintiff's instruction in the bill of exceptions or by a statement that the instruction was given at plaintiff's request."*

While the record in the instant case is brought up under section 953a of the Code of Civil Procedure, we see no reason why the same rule should not apply. Under the terms of that section a phonographic report of the trial is filed, and the clerk of the court is required to give the attorneys five days' notice of the settlement and allowance of the same before the trial judge. Thus an opportunity was offered appellant to have incorporated in the record information as to who proposed the instructions in question. In this respect appellant had the same rights as are afforded a litigant where an appeal is taken under a bill of exceptions (Code Civ. Proc., sec. 650). Adopting the conclusions and reasoning of the Fawkes case, we hold that the instructions are reviewable.

■ The court instructed the jury in the following language:

"If you find from the evidence that defendant Emerson, or the defendant Fairfield, at the time immediately preceding the collision mentioned in the complaints in these actions, was traversing the intersection of Oak and Judah Streets, in the City of Roseville, California, at the time mentioned in said complaints, and that at any time while he or they were traveling the last one hundred feet of his or their approach to such intersection he or they did not have a clear and uninterrupted view of such intersection and of the traffic upon the streets entering such intersection for a distance of 200 feet from such intersection, and that in traversing such intersection he or they was traveling at that time at a speed in excess of fifteen miles an hour, then, and in that event you are instructed that defendant Emerson, or the defendant Fairfield, or both of them as the case may be, is or are conclusively presumed as a matter of law to have been guilty of negligence at the time of said collision.

"If you further believe from the evidence that plaintiffs or either of them sustained injury or injuries by reason of said collision and that such negligence if any, on the part of said defendant or defendants proximately caused or contributed in any way to the injuries if any, of plaintiffs or either of them, and that the plaintiffs were free of contributory negligence, then your verdict must be in favor

of either or both of the plaintiffs and against such defendant or defendants, or either of them, as the case may be.''

It is contended that this instruction is erroneous in that, under the facts recited therein, the jury is told that ''defendant Emerson, or the defendant Fairfield, or both of them as the case may be, is or are conclusively presumed as a matter of law to have been guilty of negligence at the time of said collision''. The only authority submitted by appellant is the California Vehicle Act, section 113, subsection (b), subdivision 2 [Stats. 1923, p. 553; Stats. 1927, p. 1436, sec. 30], which read, at the time of the accident, as follows:

''(b) . . . it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding the following: . . .

''2. Fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed. . . . [The statute then defines an obstructed view intersection.] . . .

''(c) In all charges for a violation of this section, speeds in excess of those set forth in subdivision (b) of this section shall be taken as *prima facie* but not as conclusive evidence of a violation of this section . . . ''

The only point made by appellant is that this instruction does not follow the section which provides that in all charges made thereunder proof of speed in excess of that allowed shall be taken as *prima facie,* but not as conclusive evidence of a violation of the section. We are of the opinion that the language used in said section applies to *facts* involved in a criminal charge, and that it has nothing to do with *negligence as a matter of law.* An instruction upon this section of the California Vehicle Act was given in the case of *Benjamin* v. *Noonan,* 207 Cal. 279, 282 [277 Pac. 1045, 1046], where the court charged the jury to the effect ''that a violation thereof constituted negligence as a matter of law''. In that case the court said:

''Appellants complain of an instruction given by the court at its own instance which first stated the provisions of the Motor Vehicle Act (Stats. 1923, p. 517) to the effect that vehicles shall be driven on the public highways at a careful, prudent, reasonable and proper speed, so as not to endanger the life, limb or property of any person, and that it shall be lawful to drive at a speed not exceeding fifteen miles an hour in traversing an intersection of highways where the view is obstructed, etc., and then charged

that a violation thereof constituted negligence as a matter of law. They contend for the distinction that an infraction of said provisions would constitute not negligence *per se* but mere evidence of negligence which might or might not amount to proof of negligence.

"We find no error in said instruction. As said in *Scragg* v. *Sallee,* 24 Cal. App. 133, 144 [140 Pac. 706, 710] : 'While it is undoubtedly correct to say that the act of driving a vehicle over a street or public highway beyond the speed limit established by a municipal ordinance or a statute merely constitutes evidence of negligence in cases where damage has followed the infraction of such an ordinance or law, the rule in this state is, however, that it is conclusive evidence of negligence (citing cases). Therefore, the statement that such an act is "of itself negligence", or "negligence as a matter of law" or "negligence *per se*" (equivalent expressions) is, in this state, strictly correct.' " (Citing cases.)

The instruction in the instant case is to the same effect as that given in the Benjamin case. Here defendant is *conclusively presumed,* as a matter of law, to be guilty of negligence, while in the other case the jury is told that a violation of the section *is* negligence as a matter of law. Under either instruction, if the facts recited are found to be true by the jury, it has nothing further to do with negligence *as a matter of law,* its sole function in this connection being to decide, as a matter of fact, whether or not such negligence is actionable, that is, whether or not it proximately caused the injury. Such was the effect of the instruction in this case, and we do not question its correctness.

■ The other instruction attacked by appellant reads as follows: "Right of way is defined by the law to be the right to the immediate use of the highway and certain rules have been laid down as to which of two or more vehicles has the right of way under certain specified conditions; before the driver of any vehicle is entitled to the right of way such driver himself must be operating his vehicle within the law and not in violation thereof, and no operator of any vehicle has the right of way at a time when he himself is violating the law."

Section 131 of the California Vehicle Act (Stats. 1923, p. 560; Stats. 1925, p. 412, sec. 15) in force at the time of the accident provided: "(a) When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, providing such vehicle is traveling at a lawful rate of speed."

Appellant's argument is "that if appellant's car, as the jury was entitled to find, entered the intersection at a time substantially prior to Fairfield's car, then the appellant had the right of way, even though Fairfield was approaching from the right". If there were any force or merit to this contention, it is entirely dissipated by the fact that the jury was elsewhere charged exactly in the language of the section last cited. We see no prejudice in the giving of the instruction complained of. Construing these two instructions together, there is nothing in them which is contrary to the law as contended for by appellant. If appellant desired the jury to be informed upon the law with reference to the relative rights of two vehicles approaching an intersection, where the one upon the left enters prior to the one upon the right, he should have submitted such an instruction to the court. We are satisfied that the instructions, as a whole, stated the law with clarity and precision, and that the jury were not misled upon the law of the case.

There being no error in the record, it is ordered that the judgments be affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1931.