**HOOVER et v TURNER, Admr**

Ohio Appeals, 2nd Dist, Franklin Co

No 2076. Decided Oct 19, 1931

Henry G. Binns, Columbus, and James F. Henderson, Columbus, for plaintiffs in error.

John L. Cline, and Justin L. Sillman, Columbus, for defendant in error.

HORNBECK, J.

It is asserted as one of the grounds of error that the physical facts established by the record completely refute any theory upon which the jury could have based its verdict in behalf of plaintiff.

The monumental physical fact which in conjunction with the testimony of the Turners appeared to confound the defendant was the position of the automobile and truck after the collision. The automobile being over to its right much further than was required by the rules of the road and the truck being, as several witnesses said, including one of the defendants, on top of the Studebaker, supported the claim that the collision must have occurred on the north side and to the left of the driver of the truck. This theory was corroborated by the proof of the double tracks, claimed to be those of the truck, leading along the wrong side of the thoroughfare for a distance of 100 to 125 feet and almost up to the place where the cars were found after the collision. It is true that this testimony was refuted by some of the witnesses, but the fact was for the jury.

On the other hand the theory of the defense was supported by two physical facts besides the testimony of Stubbs, namely, the marks in the roadway extending from the south side of the road and across the road near to the place where the cars were found at rest, and the presence of glass on the south side of the road. It would seem if these marks, stressed by the defense, were produced in the manner in which they claim, namely, by the dragging of the broken down truck, that they rendered impossible the theory that the cars came together beyond the north side of the thoroughfare. However, there was dispute concerning the location of these marks, some of plaintiff's witnesses testifying that they were only to be seen at points under where the trailer stood, and there was also testimony tending to show that they may have been caused by a disc cutter operated along the road by Mr. Moats. We can only say that there was such conflict in the record

respecting these marks in the road as to require the jury to determine the fact.

Attention is directed to the position of the truck and especially the trailer after the collision upon the theory that the accident could not have occurred as claimed by the plaintiff by reason of their position. It would seem if the trailer were zigzagging as the testimony of the plaintiff tends to prove, that it may have come to a stop after the collision facing either northeast or southeast. Likewise, if the truck and trailer were moving in a straight line due east on their right side of the road, it would be unusual upon being struck by an automobile coming across the road from the south side that this would cause all of the moving objects to veer to the north side of the road.

However, so many factors are present tending to cause automobiles in collision to assume certain positions when they have ceased to move that it is largely speculative to determine from circumstances only how a collision occurred.

We are convinced that the jury was well within its rights in resolving the testimony upon a fair consideration of all of it against the theory of the defendants and in favor of the claim of the plaintiff.

It is further claimed that the verdict of the jury was stimulated by passion and prejudice, induced by misconduct of counsel. The misconduct of counsel claimed was in the manner of his questioning and particularly the queries made to witnesses touching their relationship to insurance and insurance companies.

The state of the pleadings made it relevant and proper to indulge considerable latitude in the testimony concerning the ownership, control and operation of the trucking company and to permit questions purposed to disclose insurance on the truck, in whose name carried, to whom loss paid, etc. It is probable that some of the questions on this subject were unnecessary and could have been omitted with propriety. However, many of the questions were not objected to and we can not say upon the whole that the inquiry respecting insurance nor the conduct of counsel generally was improper nor that the verdict manifests passion or prejudice on the part of the jury.

A number of photographs taken by Mr. Massey, a photographer at London, Ohio, were offered by plaintiff and defendant and received by the court. Three photographs, Defendant's Exhibits C, E and G, were offered and refused to which exceptions were noted. It is asserted that the court erred in permitting certain of the pictures to be offered by the plaintiff because not properly identified and erred in not admitting the photographs tendered by the defendant.

It is probable that sufficient identification of the photographs was required to be made at the time of and before they were introduced, as it is not necessary to produce the person who takes the pictures to identify them. Eventually, Mr. Massey, the photographer who took the pictures was called to the stand, fully interrogated respecting them and clearly removed any prejudice which could have resulted by the failure of plaintiff to call him in the first instance. Some of the pictures introduced by plaintiff were taken by Mr. Massey at the request of defendants and therefore were known by them to be fair and correct representations of the objects which they purported to portray.

The photographs tendered by the defense and refused represented the marks in the road which defendants' witnesses testified appeared there and which it was claimed were caused by a broken portion of the truck dragging upon the road after the collision. The marks had been painted white and in one of the pictures numbers had been inserted from 1 to 15 inclusive probably for the purpose of showing the total number of such marks on the road. It was testified that when the pictures were taken the day was dark and an ordinary photograph would not display the true situation respecting the marks, and to make them visible the expedient of painting them was resorted to. The court was of opinion that they should not be admitted, undoubtedly upon the theory that they did not properly represent the true situation which they purported to depict as is required under the ordinary rules of evidence.

We have examined the cases cited by counsel and particularly Hayes v Emerson et, and King v Emerson (Cal.), 294 Pac., 765, where the court permitted the introduction of a photo showing a skid mark which had been painted white for its full length according to the testimony of the witnesses in the case. The syllabus reads:

"1. Photograph shown to be faithful representation of what it purports to reproduce is admissible as approximate aid in applying evidence.

"2. It is for trial court to determine whether photograph is correct representa-

tion of object, and this ruling will be sustained unless there has been abuse in discretion."

It will be noted that this case upon the exhibit admitted rather than the syllabus is authority for the admissibility of evidence like unto that offered in this case. It is likewise authority to the effect that the admission of such photos is largely a matter of discretion of the trial court and that it will not be disturbed unless abused. We can not say that the trial court would have erred in this case had it admitted the photographs, but testimony of this character should be received with caution for the obvious reason that it is subject to distortion. In this case the jury had the full benefit of the statements of the witnesses respecting these marks which were portrayed in the tendered photos and we can not say that the court erred in refusing to admit them. The length to which this sort of photography could be employed in a case of this kind would appear if all the marks testified to in the record had been painted, photographed and put in the record. There would have appeared the double tread marks which it was claimed were made by the truck, possibly those which Mr. Moats claimed were made by his disc cutter, perhaps other marks in the road, together with those in the photographs tendered. Such practices could easily be the subject of abuse, and a court should act with great care in receiving photos taken after there has been any change in the objects which are the subject of evidence in the case. The action of the trial court in refusing to admit the photographs is in accord with the principle announced in the following Ohio authorities: 17 O. Jur., 580,

"Preliminary proof should be made that the object which is the subject of the photograph is fairly represented."

Varner v Varner, 16 O.C.C., 386; C. H. & D. R. Co. v De Ougo, 87 Oh St 109.

We have examined all of the errors asserted and do not find that any was so prejudicial to defendant as to require reversal of the judgment. It will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.

## ON MOTION FOR REHEARING

Decided Nov 3, 1931

BY THE COURT

Submitted on application of plaintiffs in error for a rehearing.

We have carefully considered the propositions presented by counsel and the testimony in connection therewith. We find no argument advanced nor supporting testimony presented which was not covered in the very exhaustive briefs on behalf of plaintiffs in error heretofore considered by the court. We gave consideration to all claims urged and in a general way discussed most of them in our former opinion. There may be two exceptions, first, the testimony of George Turner to the effect that he brought the Studebaker to a stop with the culvert right ahead of him; and second, respecting some impairment of his vision. Granting that he was mistaken it does not follow that he was wilfully testifying to an untruth. In fact, it is probable that had he purposed to falsify he would not have placed the Studebaker east of the culvert in a position where all the physical facts would obviously have refuted his statements. The Studebaker was not east of the culvert upon the theory that defendant in error advanced. If it was struck by the truck it was driven backward and not forward. Many records have been presented to this court and no doubt many more will be wherein there are statements inconsistent with the facts as they actually existed, and witnesses are prone to err, but because they do so it does not follow that nothing they say is worthy of belief.

Touching the impairment of one of Mr. Turner's eyes, we can but say that the jury had full opportunity to consider this along with other testimony, and by its verdict found that the collision was not caused in any manner because of any negligence of Mr. Turner.

We recognize that there is sharp conflict in the testimony and that if the theory of the plaintiffs in error is correct the theory of the defendant in error must fail, but the jury in our judgment had a right to accept the evidence as more probably supporting the claim of the defendant in error than that of the plaintiffs in error. We see no reason warranting the granting of the application for rehearing, and it will therefore be refused.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.