[Civ. No. 9042. First Appellate District, Division One.—August 6, 1934.]

GRACE E. MILLER, Appellant, v. MICHAEL SILVESTER, Respondent.

346

James Wesolo for Appellant.

Charles V. Barfield and Donahue, Hynes & Hamlin for Respondent.

KNIGHT, J. — Plaintiff was riding in an automobile driven by one Halpern when it collided with one driven by the defendant Silvester at the intersection of Sonoma and Monterey Avenues in Berkeley about 7:30 o'clock in the morning; and on account of the injuries plaintiff received as a result of the collision she brought this action for damages against Silvester. ▉ At the trial the jury found a verdict in favor of Silvester and from the judgment entered thereon plaintiff prosecutes this appeal, urging as grounds for reversal that the trial court erred in receiving in evidence four photographs taken of the intersection, showing certain skid marks on the pavement, and in allowing defendant and his witnesses to refer to said photographs in connection with the giving of their testimony. The photographs were taken on the third day following the accident. We find no merit in the appeal.

Silvester testified that as he was about to enter the intersection at a speed of 15 miles an hour he observed the Halpern car some 95 feet away, traveling at a speed of about

35 miles an hour; that after he, Silvester, was well within the intersection and while crossing the same he heard a screech of brakes, instantly following which the front end of the Halpern car crashed into the running board of his car, turning his car completely around and shoving it over some 12 feet against the iron pole of a power line. He further testified that immediately following the crash he saw the skid marks made by the Halpern car, which extended along the pavement of the street for a distance of approximately 66 feet. He was then shown the photographs in question which he stated correctly portrayed the scene of the accident as it existed on the morning it occurred, including the skid marks. Thereupon the photographer was produced. He testified that the pictures correctly portrayed said location, including the skid marks, at the time the pictures were taken. The photographs were then received in evidence over plaintiff's objection, following which five more witnesses for the defendant, who either were at the scene of the accident at the time it occurred or arrived there shortly afterwards, testified as to the existence of the skid marks, their length and location on the pavement, and that the conditions as they observed them were correctly reproduced by the photographs.

As held in *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675], testimony that a photograph is an accurate representation of the object sought to be shown is sufficient foundation for its admission in evidence, and it is not essential that such testimony be given by the photographer who took the picture. It may be given by any witness having sufficient knowledge of the object to say that the photograph is a faithful representation thereof. The purpose of using the photographs as evidence in the present case was not, as plaintiff seems to argue, to prove the existence of the skid marks. Such fact was fully established by the testimony of the six witnesses who saw them immediately after the accident occurred. The photographs served merely as an approximate aid in applying such testimony, and for that purpose they were clearly admissible in evidence (*Hayes* v. *Emerson,* 110 Cal. App. 470 [294 Pac. 765]), the question of their value in any event being one for the jury to determine. (*Gregoriev* v.

*Northwestern Pacific R. R. Co.,* 95 Cal. App. 428 [273 Pac. 76].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.