[Civ. No. 12907. Second Appellate District, Division Two.—March 28, 1941.]

FREDELE EDELSON, a Minor, etc., Appellant, v. WILLIAM M. HIGGINS, Respondent.

Albert A. Horn for Appellant.

Nourse & Jones for Respondent.

MOORE, P. J.—Plaintiff, aged 5½ years, by her guardian *ad litem,* takes this appeal from a judgment following an unfavorably directed verdict in an action for damages for personal injuries.

On Saturday, April 8, 1939, at about 10:30 A. M. defendant drove his car from his garage upon a 97-inch driveway which extended along the side of the flat building in which he resided. Plaintiff's home stands south of the driveway. Between defendant's driveway and plaintiff's home there is a concrete strip used as a pathway for entrance to the rear of plaintiff's home. It is adjacent to the driveway although not a part of defendant's lot. While defendant was moving on the driveway, about 45 feet from his garage, in low gear,

at from about 3 to 5 miles per hour, plaintiff ran out from a 3-foot space between a cypress tree and the front of her home and into the front door of the defendant's car at the driver's seat. She suffered injuries from the impact.

Defendant did not sound his horn. He had lived in the same flat for 7 years and knew that the children played on the front lawns; but he knew also that he was traveling on his own driveway where no one was in view prior to plaintiff's collision with his car. He was traveling so slowly that he stopped within a foot or two.

Plaintiff's mother was not at home at the time of the accident. Plaintiff was disqualified as a witness by reason of her tender years and lack of understanding of the nature of an oath. Her sister, Rita, 12½ years of age, testified that she was in the front room of their flat when the accident occurred; that she heard her sister scream, ran out and saw her bleeding as she lay on the ground alongside the car. She assisted her into the home and rendered first aid. She testified that the car was partly on the walk and partly on the driveway. Mrs. Florence Sonnenberg, who resided near by, testified that when she arrived at the driveway the car "was standing pretty far into the walk—I wanted to go in through the back. . . . I couldn't because there was a tree also in the way and I couldn't get in because the car was standing . . . mostly on the walk". Mrs. Fannie Gallenko, who lived in the Higgins flat building, testified that on hearing screams, she looked and saw Mr. Higgins standing near his car and the child bleeding. "He requested me to call a physician." She also testified that the car was very close to plaintiff's house—near the tree.

Plaintiff's contentions are (1) that defendant's failure to sound the horn created an issue as to whether or not he was negligent; (2) that the photographs taken two days after the accident were not competent evidence and were prejudicial; (3) that the plaintiff may not be guilty of contributory negligence by reason of her extreme youth; and (4) that the court erred in directing a verdict.

██ (1) Section 671 of the Motor Vehicle Code in substance provides that the driver of a motor vehicle shall give audible warning with his horn when operating his car upon a highway. There is no basis for the contention that defendant was under duty to sound his horn while driving upon his private driveway. That obligation does not arise while driving

upon a public highway except where danger of injuring another is obvious. In *Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86], a 9 year old boy ran from behind a street car into the path of defendant's truck and was injured by the front wheel before he could be seen by its driver. At page 368 the court said: " . . . There was no danger whatever apparent, and therefore under such circumstances, it cannot be fairly maintained that a duty was imposed on the driver of the truck, as a reasonably prudent person, to sound his horn." ■ Even though defendant might have veered a few inches to the left, thereby driving upon the adjacent pedestrian walk, that would not constitute actionable negligence.

■ (2) There was no error in admitting photographs in evidence. They were offered merely for the purpose of illustrating the testimony. The court in effect placed that limitation upon the offer at the time of their reception. It is the rule that photographs taken some time after an accident may be used for the purpose of illustration. (*Hayes* v. *Emerson,* 110 Cal. App. 470 [294 Pac. 765] ; *Miller* v. *Silvester,* 140 Cal. App. 345 [35 Pac. (2d) 387].) Defendant testified that each photograph offered correctly represented the conditions and objects shown as they existed at the time of the accident. This was a sufficient foundation for their introduction. (*Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675] ; *Miller* v. *Silvester, supra.*)

■ (3) The contention that the court ruled that plaintiff was guilty of contributory negligence is a false issue. There was no intimation from the trial judge that the child was guilty of contributory negligence. The court's order was based upon the want of any negligence on the part of defendant. He acted as an ordinarily prudent and cautious person acts under similar circumstances. That is all the law requires. (*Gates* v. *McKinnon*\* (Cal. App. (2d)) [108 Pac. (2d) 934] ; *Allred* v. *Pioneer etc. Co.,* 179 Cal. 315 [176 Pac. 455].)

■■ (4) In directing the jury to return a verdict, the effect of the court's order was to determine that, granting the truth of all of the testimony, it was not sufficient to justify a decision that defendant was negligent. The question presented

---

\*Reporter's Note: In the case of *Gates* v. *McKinnon* a hearing was granted by the Supreme Court on February 27, 1941.

by such motion is whether, under the established standards or guiding rules, in view of the circumstances, the evidence is legally sufficient. The comparative value of the testimony of the several witnesses is not involved but only its effect after conceding the truth of all witnesses. (64 C. J. 421.) Since the evidence does not disclose a substantial conflict as to defendant's negligence, the directed verdict was not error.

The attempted appeal from the order denying the motion for new trial is dismissed.

Judgment affirmed.

McComb, J., concurred.

WOOD, J., Dissenting.—I dissent. Since the appeal is from a judgment following a directed verdict the evidence must be considered in the light most favorable to plaintiff. The houses in which the plaintiff and the defendant lived were four-family flat buildings approximately ten feet apart. A concrete pavement covered the ground on all of the space between the buildings, which was divided into four sections each thirty inches in width. The northerly three sections were used by defendant as a driveway and the southerly section, belonging to the property where plaintiff lived, was used as a pedestrian passageway. The pavement was practically level from the northerly to the southerly edge. Although defendant knew that "lots of children" were accustomed to play on the lawns in front of the premises, he did not sound his horn as he drove his car along the driveway. Several witnesses testified that they arrived immediately after the accident and found defendant's car on the pedestrian passageway, one of them stating that it "was very close to the house" where plaintiff lived.

If reasonable minds might draw different conclusions on the question of the alleged negligence of the parties the issues should be left to the determination of the jury. (*Wise* v. *Scott*, 114 Cal. App. 702 [300 Pac. 883].) Although there is no direct statutory requirement that automobile horns must be sounded in private driveways, it is nevertheless the duty of the driver of an automobile, wheresoever he may be driving, to sound his horn in circumstances which would require a reasonably prudent person to sound a warning of his approach. (*Moss* v. *Stubbs*, 111 Cal. App. 359, 368 [295 Pac.

572, 296 Pac. 86].)   In my opinion a finding by a jury that defendant was negligent in failing to sound his horn and in driving upon the pedestrian passageway could not be held to be so unreasonable as to require that a verdict based upon such finding be set aside.

A petition for a rehearing was denied April 21, 1941. Wood, J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1941.