[Civ. No. 17778. Second Dist., Div. Three. Mar. 2, 1951.]

JOE G. DE LA TORRE, Appellant, v. ADOLPH B. VALENZUELA et al., Respondents.

588

Francis J. Gabel, Clifford E. Lewis and Henry F. Walker for Appellant.

Bauder, Gilbert, Thompson, Kelly & Veatch, Roger Kelly, Chase, Rotchford, Downen & Drukker, Donn B. Downen, Jr., and Richard T. Drukker for Respondents.

SHINN, P. J.—Appeal by plaintiff from a judgment of nonsuit in an action to recover damages for personal injuries entered in favor of both defendants, Adolph B. Valenzuela and Albert Alonge.

The accident occurred in 1947 during the construction of a building for Southern California Edison Company at Redondo Beach, when plaintiff's leg was run over by a dump truck. In order to explain how plaintiff's injuries occurred, it is necessary to describe the locale of the accident. A wall of the building was being constructed of concrete. Forms, made of sheets of plywood, 4x8, of 9/16ths thickness were used. These forms were held in place by 2x4's with steel bolts. After use, the materials of each form would be removed and lowered with ropes from the top of the completed portion of the wall to workmen on the ground. These workmen cleaned the plywood sheets of any remaining cement, removed the nails, and stacked the sheets in piles to be used again to make new forms. Each plywood sheet weighed 40 or more pounds, depending on the amount of cement remaining thereon. At the time of the accident, the wall had been built to a height of from 85 to 90 feet, and the sheets, while being lowered, would strike windows or other projections on the side of the wall so that at times they would bounce outward from 12 to 15 feet. There was evidence that these pieces would be

scattered all around the excavation. On the west side of the wall being constructed was an excavation approximately 15 feet deep which ran the entire length of the wall, a distance of 265 feet. The wall ran north and south, and the width of the excavation was from the west side of the wall almost to the sidewalk line of Hermosa Avenue which runs in a northerly and southerly direction. The bottom of the excavation was of soft sand and another or second excavation was being dug therein, beginning at the south end of the first excavation and extending in a northerly direction some 150 feet. Boards, to form a driveway or ramp, had been laid on the bottom of the excavation, about 20 feet west of the wall, from 11th Street on the north to the second excavation which was to be used for inlet or outlet pipes. At the 11th Street, or north end of the ramp it curved for about 12 to 14 feet as it rose to street level but otherwise the driveway was a straight course in the excavation and the view was unobstructed from one end of the ramp to the other. The ramp, or plank driveway, was used by men operating dump trucks as they backed down from 11th Street to the bottom of the excavation where the trucks would be filled with the excavated soil by a power shovel.

Plaintiff, Joe G. De La Torre, was one of the workmen employed by the contractor to gather up the plyboard sheets, clean them, remove the nails, and stack them in a pile. Defendant Albert Alonge was the driver of the 13,000 pound dump truck which ran over plaintiff's leg causing his injuries. Defendant Adolph B. Valenzuela (sued as H. B. Valenzuela), doing business as Rudy's Dump Truck Company, was alleged to be the employer of defendant Alonge. At the time of the accident, plaintiff was engaged, with other members of the crew, in cleaning and denailing the plywood sheets. The crew had been instructed by the foreman to stack the material at the far south end of the ramp about a foot therefrom. Plaintiff picked up a plywood sheet and took it over to the stack, at which time he looked up the ramp toward the north end for a truck but saw none. He then occupied himself with pulling out nails from the plywood, leaning over as he did so. There was evidence that there was a great deal of noise from the crane, water pumps and carpenters working in the excavation and that plaintiff neither saw nor heard the truck before it struck him. After the accident, plaintiff was lying about 15 to 20 feet from the south end and from 3 to 5 feet to the side of the ramp. Prior to the accident, plaintiff had, apparently, been working on the easterly, or wall side, of the

ramp, or to the right rear of the truck. The record shows that defendant Alonge had used the runway about 25 times prior to the accident and that at all times a spotter or flagman had been present to direct the trucks and see that no workmen were on the ramp. On the day of the accident the flagman was absent from his usual station. It was shown that the workmen frequently worked on the ramp. Defendant driver, called under section 2055, Code of Civil Procedure, testified that he looked to make sure no truck was down there but did not notice plaintiff or the other workmen, and after negotiating the curve did not notice that the flagman was not present. He then proceeded to back down the curve during which time he remained seated in the cab of the truck looking between the seat and the back of the dump truck so as to follow the marks made by other trucks in making the curve. When he reached the straight part of the ramp, he stood partially on the running board and watched the left rear wheels while backing. He did not look in either the right or left rearview mirrors with which the truck was equipped and at no time did he look behind the truck as it moved; he did not sound a horn at any time during his progress down the ramp. It was estimated that his speed in backing down the runway was from 5 to 8 miles an hour. The record shows that some men called to him to stop; that he then lowered himself back into his seat and just before applying his brakes felt ''some bumps,'' but did not stop the truck until he felt the wheels go over something.

Defendant Alonge moved for a nonsuit on the ground that there was no evidence of any negligence on his part; that, assuming negligence, it was not a proximate cause of the accident; and that the evidence showed plaintiff to have been guilty of contributory negligence. Defendant Valenzuela moved for a nonsuit on the grounds that there was no evidence of employer-employee relationship between him and defendant Alonge; and that the evidence showed plaintiff to have been guilty of contributory negligence. The trial court held that defendant Valenzuela's motion based on lack of evidence of employment should be denied, but granted the motions for nonsuit as to both defendants on the question of ''negligence'' and discharged the jury. Plaintiff contends that the nonsuits were improperly granted. We are obliged to agree.

It was the duty of the trial court to deny the motions for a nonsuit at the close of plaintiff's case if there was any substantial evidence which, with the aid of all legitimate in-

ferences favorable to the plaintiff, would have justified findings in his favor on the issues of negligence, contributory negligence and proximate cause. (*Raber* v. *Tumin*, 36 Cal.2d 654 [226 P.2d 574].) ■ Reasonable inferences were that Alonge must have been aware of the presence of workmen in the excavation; that they often used the ramp when pulling nails from the plywood sheets; also that he was aware that on every occasion, prior to the one under consideration, he had seen a flagman or spotter present who had warned him of other trucks and had warned the workmen of the approach of his truck. The jury could have inferred that in the exercise of ordinary care Alonge would have observed that the flagman was not on duty and could have found that under such circumstances it was his duty to warn the workmen of his approach. Defendants say that he had no duty to sound his horn unless there was apparent danger, citing *Edelson* v. *Higgins*, 43 Cal.App.2d 759 [111 P.2d 668]. But here the jury could have found there was apparent danger of injury to workmen and that the situation called for a warning of the approach of the truck. It may not be held as a matter of law that Alonge owed no duty to warn the workmen.

■ Defendant Alonge maintains that the absence of the flagman was such an intervening cause as to break the chain of causation between his negligence, if any, and plaintiff's injuries. ■ The issue of proximate cause is essentially one of fact and an intervening agency does not break the chain of causation where injury such as the one that occurred was reasonably foreseeable and should have been anticipated. ■ The movement of the truck was an active continuous force and if Alonge had been found to have been negligent, it would not have been unreasonable to find also that his negligence was a proximate cause, if not the sole cause of the accident. ■ Under such a finding his liability would have been established even though there were other contributing causes. (*Gibson* v. *Garcia*, 96 Cal.App.2d 681 [216 P.2d 119] ; *Werkman* v. *Howard Zink Corp.*, 97 Cal.App.2d 418, 425 [218 P.2d 43].)

■ The trial court was not justified in granting a nonsuit on the ground that plaintiff was guilty of contributory negligence as a matter of law. This alleged contributory negligence is said to have consisted of plaintiff's presence on the ramp, rather than on top of the pile of lumber or in the 2-foot space between the pile and the wall, knowing that the ramp was used by the dump trucks, his failure to continue

to look for trucks, and, apparently, his failure to hear the approach of defendant's truck. The rule respecting proof of contributory negligence as a matter of law has been stated in various ways in a legion of cases. ■ The substance of all of them is that contributory negligence is not shown as a matter of law if there is a reasonable basis in the evidence and reasonable inferences to support a contrary conclusion. ■ Plaintiff was engrossed with his work in the same way, place, and the same manner as he was accustomed to work. It was not shown that he was aware that the flagman was not at his usual station. He testified that he looked once for trucks and did not look again. ■ Mere forgetfulness of an expected or known danger will not operate to prevent a recovery, for to forget is not negligent unless it amounts to want of ordinary care. ■ And generally the question is one for the jury (*Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833 [161 P.2d 673, 164 A.L.R. 1]; *Neel* v. *Mannings, Inc.*, 19 Cal.2d 647 [122 P.2d 576]; *Gibson* v. *County of Mendocino*, 16 Cal.2d 80 [105 P.2d 105].) Defendants insist that the facts of the present case are almost identical with those in *Warnke* v. *Griffith Co.*, 133 Cal.App. 481 [24 P.2d 583] and that the decision in that case is controlling on the proposition that De La Torre was guilty of contributory negligence as a matter of law. Aside from material differences in the facts of the two cases the question of contributory negligence as one of law was not involved or discussed in the Warnke case. The court had instructed that the workman who was run over by a truck was "not called upon to exercise the same amount of diligence in avoiding accidents as pedestrians or others who use the same place merely as a means of locomotion." The discussion in the opinion of Warnke's conduct upon which defendants here rely merely had relation to the contention that the court should also have instructed that the workman was not bound to neglect his work in order to avoid an injury which might be caused by want of ordinary care on the part of operators of vehicles. The point decided was that the only instructions warranted by the facts were those given by the court. The question of contributory negligence was treated as one of fact. There was not the least suggestion that Warnke was guilty of contributory negligence as a matter of law. The observations of the court with respect to his conduct furnish no guide to the decision of a motion for nonsuit upon the ground that contributory negligence has been shown as a matter of law. ■ The question whether

De La Torre in the exercise of ordinary care could work without keeping a constant watch for trucks, in reliance on the duty of care owed by the drivers of the trucks should have been submitted to the jury. We are unable to say that plaintiff was guilty, as a matter of law, of contributory negligence in proceeding with his work without watching more carefully for trucks on the runway.

 The evidence and inference with respect to whether defendant Alonge was an employee of defendant Valenzuela, acting within the scope of his employment were conflicting, and the trial court properly denied the motion for nonsuit based on that ground. We deem it unnecessary to discuss the evidence upon that issue further than to say that there was evidence sufficient to support a finding that an employer-employee relationship existed with respect to the work in which Alonge was engaged.

The judgment is reversed. The appeal from the order granting motion for nonsuit is dismissed.

Wood (Parker), J., and Vallée, J., concurred.