NELSON et al., Appellants,

v.

McCLINTOCK, Appellee, et al.

[Cite as *Nelson v. McClintock* (1997), 123 Ohio App.3d 139.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0204.

Decided Sept. 29, 1997.

*Svete, McGee & Carrabine Co., L.P.A., Jacqueline A. Svete* and *James P. Carrabine,* for appellants.

*Robert Drexler,* for appellee.

CACIOPPO, Judge.

This appeal is taken from a final judgment of the Portage County Court of Common Pleas. Appellants, Dolly and Junior Nelson, appeal from the judgment entered in favor of appellee, Keith L. McClintock, following a trial by jury.

On the night of October 31, 1991, Okey Nelson was driving a tractor owned by his father, appellant, Junior Nelson. The tractor was equipped with a single seat, which Okey Nelson occupied as he drove the tractor from his driveway onto Stanley Road. Dolly Nelson, meanwhile, sat on the metal portion of the tractor covering the left wheel. Okey and Dolly Nelson were traveling approximately four to five miles per hour south on Stanley Road, which had a posted speed limit of forty-five m.p.h. Appellee was also driving a vehicle south on Stanley Road. He struck the rear of the Nelsons' wagon, thereby causing Dolly Nelson to be thrown from the tractor and injured.

On October 20, 1993, appellants filed a lawsuit against appellee and Okey Nelson. Appellee filed a cross-claim against Okey Nelson and a counterclaim against Junior Nelson, who owned the wagon. On February 5, 1996, appellants filed a notice of partial dismissal without prejudice, dismissing Okey Nelson. A jury trial commenced on February 6, 1996. On February 8, 1996, the jury returned two verdicts. With regard to appellants' negligence claim, the jury found Dolly Nelson to be seventy percent at fault, thereby returning a general verdict in favor of appellee. On the cross-claim, the jury apportioned the blame so that Okey Nelson was seventy percent negligent, while appellee bore only thirty percent of the responsibility for the accident. The court subsequently entered judgment in favor of appellee on both the complaint and the cross-claim.

Thereafter, appellants brought the instant appeal, asserting three assignments of error.

"[1.] The trial court erred to the prejudice of the plaintiffs/appellants by overruling their motion for a new trial where the jury verdict was not sustained by the weight of the evidence.

"[2.] The trial court erred to the prejudice of the plaintiffs/appellants in sustaining defendant/appellee's objection to plaintiff's exhibit No. 39, which was a photograph offered into evidence as best evidence to prove the discernibility of the plaintiff/appellant's tractor-wagon unit, said discernibility being the foremost issue in the case.

"[3.] The trial court erred to the prejudice of plaintiff/appellant by admitting into evidence, over plaintiff's objection, purely speculative opinion testimony by defense witness Roxanne Harris."

In the first assignment of error, appellants argue that the trial court erred by denying their motion for a new trial pursuant to Civ.R. 59(A)(6). They argue that the evidence shows that appellee McClintock was negligent in causing the collision by speeding and failing to pay proper attention and that no evidence shows that the wagon was not lighted.

Civ.R. 59(A) provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

" * * *

"(6) the judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case."

In ruling on a motion for a new trial upon the basis of a claim that the judgment is not sustained by sufficient evidence, the court must weigh the evidence and pass on the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury, but in the now restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence. *Atkinson v. Internatl. Technegroup, Inc.* (1995), 106 Ohio App.3d 349, 358, 666 N.E.2d 257, 263–264. A new trial will not be granted where the verdict is supported by competent, credible evidence. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 183, 7 OBR 229, 229–231, 454 N.E.2d 976, 978–979. The granting or denial of a motion for a new trial pursuant to Civ.R. 59(A) is committed to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Atkinson* at 357, 666 N.E.2d at 262–263.

The record in this case fails to indicate that the jury's verdict is not supported by competent, credible evidence. It is undisputed that the wagon had no lights affixed to it and that the tractor-wagon was traveling at four to five m.p.h. in a forty-five m.p.h. zone at night.

Appellants claim that appellee was speeding. At trial, appellants' expert witness testified that appellee was traveling between fifty-four and fifty-seven m.p.h. This testimony was contradicted by appellee, who testified that he was not exceeding thirty-five m.p.h.

Appellants claim that appellee failed to pay proper attention, thereby causing the accident. Appellants adduced expert testimony that appellee should have seen the wagon and avoided the accident. However, on cross-examination,

appellee challenged the expert by bringing out facts refuting that the accident had been caused by appellee's failure to pay proper attention.

A careful review of the evidence reveals that the verdict is supported by competent, credible evidence. The first assignment of error is not well taken.

■ In the second assignment of error, appellants argue that the trial court erred by refusing to admit into evidence a photograph taken at night of the tractor-wagon with a slow-moving-vehicle sign attached to the back of the wagon. They argue that the photograph is the best evidence to submit to the jury to show what the slow-moving-vehicle emblem looked like at night and exactly how discernible the emblem is at night.

■ It is well settled that decisions regarding the admissibility of photographs rest within the sound discretion of the trial court, and such a decision will not be reversed on appeal unless there is a clear showing that the trial court abused its discretion. *Hoover v. Turner* (1931), 42 Ohio App. 528, 534, 182 N.E. 598, 600. In our opinion, the court did not abuse its discretion in refusing to admit the photograph. The second assignment of error is not well taken.

In the third assignment of error, appellants argue that the trial court erroneously permitted a lay witness to give opinion testimony which was not rationally based on the witness's perception.

The testimony at issue is that of Roxanne Harris, who was driving south on Stanley Road approximately six or seven car lengths behind appellee when the accident occurred. Prior to trial, appellants filed a motion *in limine* to prevent Harris from giving the testimony at issue. At trial, appellants made a timely objection, which was overruled. Harris testified that after the collision she formed the mental impression that she would have hit appellants' tractor-wagon had appellee not hit it first.

Evid.R. 701 governs opinion testimony by lay witnesses and provides as follows:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

■ In her deposition and at trial, Harris testified that she did not see appellants' tractor-wagon prior to the collision because appellee's vehicle blocked her view. Under this circumstance, Harris's testimony that she would have hit the tractor-wagon had appellee McClintock not hit it is not rationally based on her perception. Accordingly, we hold that Harris's testimony concerning her

opinion about the accident was inadmissible lay witness testimony pursuant to Evid.R. 701.

■ Having concluded that the evidence at issue was inadmissible, we must decide whether appellants were prejudiced by the erroneous admission of that evidence. Error in the admission of evidence is not ground for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. Civ.R. 61. In determining whether a substantial right of a party has been affected, the reviewing court must decide whether the trier of fact would have reached the same decision had the error not occurred. See *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690.

■ In this case, a complete review of the record reveals that had the incompetent evidence been excluded, there was still sufficient competent evidence upon which the jury could have based its verdict in favor of appellee. The admission of the incompetent evidence does not amount to reversible error. The third assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.