OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Mary E. Russell ("appellant Russell") and George F. Russell, appeal from the judgment of the Portage County Court of Common Pleas entered in favor of appellee, Christine M. Kamholz, following a trial by jury. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are pertinent to this appeal. On June 3, 1995, appellant Russell and her daughter ate lunch at a Bob Evans restaurant located in Kent, Ohio. At the same time appellant Russell and her daughter were walking to their car after finishing their meal, appellee and a friend were preparing to leave their parking space in the same Bob Evans parking lot after also eating at the restaurant.
While appellant Russell's daughter was unlocking her truck, she heard her mother scream. Upon turning around, she saw that appellant Russell was lying on the ground behind appellee's car. Appellant Russell's daughter stopped appellee's car and said, "I was just going to tell you don't hit my mother." Appellee and her friend exited their car and proceeded to assist appellant Russell. As a result of her injuries, appellant Russell was transported by ambulance to a local hospital for treatment.
Appellant Russell subsequently brought suit against appellee for her injuries, claiming that appellee had been negligent in backing her car out of the parking space. In addition, appellant Russell's husband sought recovery for loss of consortium for the time that appellant Russell was incapacitated by her injuries.
Before trial, the parties stipulated that the only issue to be presented to the jury was the question of appellee's liability, if any, and the comparative negligence of appellant Russell, if any, in causing the alleged accident.[1] If the jury found appellee negligent, damages would be determined by a previously agreed upon formula.
Trial commenced on May 22, 1998. At the conclusion of the trial, the jury returned a verdict finding no negligence on the part of appellee.[2] That interrogatory was the only one answered as there was no need to address the comparative negligence issue or proximate cause. On June 8, 1998, appellants filed a motion for new trial pursuant to Civ.R. 59(A)(6) and (7), claiming that the jury's verdict was not sustained by the weight of the evidence and was contrary to law. The trial court overruled appellants' motion. Appellants perfected a timely appeal and assert two assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of appellants by the rendering of a verdict that was against the manifest weight of the evidence.
 "[2.] The trial court erred to the prejudice of appellant by overruling appellants' motion for new trial."
In their first assignment of error, appellants argue that the jury's verdict was against the manifest weight of the evidence in that there was ample evidence introduced at trial to support their assertion that appellee was negligent in operating her car. Appellants claim that appellee had a continuing duty to look behind her while backing out of the parking space and that if appellee had continued to look back while pulling out, she would have been able to avoid hitting appellant Russell. According to appellants, based on the evidence presented at trial, the only plausible cause for appellant Russell's fall was contact from appellee's car. We disagree. The fact that an instruction on comparative negligence was submitted indicates that several options were available for consideration.
Moreover, it is well established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus;Tomcany v. Kirkpatrick (Apr. 9, 1999), Lake App. No. 98-L-018, unreported, at 2, 1999 WL 262155.
Appellee testified at trial that she looked behind her before backing out and never saw anyone walking behind her car. In addition, neither appellee nor her passenger felt any impact suggesting a collision. As a matter of fact, appellee became aware of appellant Russell only after her daughter had stopped appellee's car and told her that she had hit her mother.[3]
In response, appellants point to the testimony of appellant Russell in support of their position that appellee's car struck her. Appellant Russell testified that while she was walking to her daughter's truck, appellee pulled out of a parking space and hit her, knocking her to the ground.
Appellants attempt to further bolster their claim by arguing that the testimony of every other witness at trial corroborates appellant Russell's story. However, these witnesses only testified to that fact that appellant Russell was lying on the ground somewhere between one and five feet behind appellee's car. No witness testified that he/she either saw appellee's car strike appellant Russell or that they he/she heard an impact. Even appellant Russell's daughter, who was only a few feet in front of appellant Russell at the time of the alleged incident, did not claim to see any impact.
An assessment of credibility is a delicate issue, which is why there is so much deference to the fact finder's determination in that regard. In the case at bar, the jury could have believed that appellant Russell was entirely at fault, or that she fell for unrelated reasons and subsequently lied about the impact. In either event, there was competent and credible evidence to support the jury's verdict that appellee was not negligent.
Based upon the foregoing analysis, the jury's verdict was not against the manifest weight of the evidence. Accordingly, appellants' first assignment of error is without merit.
Appellants argue in their second assignment of error that the trial court erred in overruling their motion for a new trial. Appellants contend that the evidence presented at trial clearly demonstrated that appellee was negligent in the operation of her car and that appellee's negligence was the direct cause of appellant Russell's injuries. For the following reasons, we disagree.
Civ.R. 59(A) provides in pertinent part:
 "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
"* * *
 "(6) The judgment is not sustained by the weight of the evidence; * * *."
As noted by the Supreme Court of Ohio:
 "[I]n ruling on a motion for new trial upon the basis of a claim that the judgment `is not sustained by sufficient evidence,' the [trial] court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus; see, also, Nelson v. McClintock (1997), 123 Ohio App.3d 139, 142.
A new trial will not be granted where the verdict is supported by competent and credible evidence. Nelson at 142. Moreover, the granting or denial of a motion for a new trial pursuant to Civ.R. 59(A) is committed to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Id.; Rohde at paragraph one of the syllabus.
The term "abuse of discretion" connotes more than an error of law; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Malone v. Courtyard by MarriottL.P. (1996), 74 Ohio St.3d 440, 448. As a result, the abuse of discretion standard requires a reviewing court to "`view the evidence favorably to the trial court's action rather than to the original jury's verdict.'" Id., quoting Rohde at 94.
As we concluded above, a careful review of the record reveals that the jury's verdict is supported by competent and credible evidence. Because of our disposition of appellants' first assignment of error, there is no need to restate here the facts supporting the jury's verdict. As a result, appellants' second assignment of error is without merit.
The judgment of the trial court is affirmed.
NADER, J.,
MAHONEY, J., (JOSEPH), Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Despite the use of the word "liability," it is evident that the issue upon appeal focused on negligence alone.
[2] At the conclusion of the trial, the jury was presented with the following interrogatories:
"(A) Was the defendant negligent?
"(B) Was the plaintiff negligent?
 "(C) State the percentages of negligence of both the plaintiff and the defendant[.]"
[3] In her appellate brief, appellee also argues that the jury could have also based its verdict on the finding that there was no proximate cause or no damage due to the alleged impact. However, the jury's negative response to the issue of appellee's negligence eliminates that possibility.