[Civ. No. 3827. Third Appellate District.—September 17, 1929.]

FRANK M. LIPP and J. P. SULLIVAN, Copartners, etc., Appellants, v. WESLEY A. MOON, Respondent.

Otis D. Babcock and Bradford, Cross & Prior for Appellants.

Lawrence Schillig and Desmond A. Winship for Respondent.

FINCH, P. J.—The plaintiffs' Packard motor hearse and the defendant's Pontiac sedan collided at a street intersection in Sutter City, causing damage to both vehicles and

personal injuries to the defendant. Both parties seek to recover damages in this action. Judgment was entered in favor of the defendant for damages and the plaintiff has appealed. The only ground urged for a reversal is that the evidence is insufficient to warrant the findings and judgment.

The collision occurred at the intersection of Acacia and Nelson Streets. Acacia Street is sixty-two feet wide and a strip fourteen feet in width along the middle thereof is paved. Nelson Street is ninety-seven feet wide and the middle thereof is graveled to the width of thirty feet. At the time of the collision the hearse was going south along the paved part of Acacia Street and the defendant was going west on Nelson Street. The evidence shows that the two vehicles came together when the front wheels of the defendant's automobile were four feet west of the pavement and two feet north of the medial line of Nelson Street. A witness for the defendant testified that the front part of the defendant's automobile was not ''injured in any way''; that the injury to it was ''on the running board and the side of the frame, on the right side of the car, the frame was sprung in and the body was caved in on the right-hand side of the automobile, the right-hand front fender was not broke''; that ''the left-hand front fender'' of the hearse ''was smashed down onto the front wheel and the left-hand front axle was sprung'' and ''the left-hand headlight was broke''; and that the hearse turned over on its left side, facing west, in a southwesterly direction from the point where the collision occurred, the rear end of the hearse being thirty-two feet from such point. The defendant testified that he was driving west along the gravel part of Nelson Street at not ''over 15 miles'' an hour ''and that he slackened just before'' he ''came to the intersection''; that when he reached the intersection he looked to the right, but ''saw no car and proceeded to go across''; and that he ''didn't know any more'' until he found himself in a hospital. The driver of the hearse testified that he was going at the speed of about twenty miles an hour as he approached the intersection; that he first saw the defendant's automobile when it was thirty feet east of the intersection; that he applied the brakes of the hearse when he came ''into the intersection,'' about thirty feet from the point of the collision;

and that he swung to the right in an effort to avoid the collision. A witness for the defendant testified that marks on the pavement showed that the left hind wheel of the hearse had slipped for a distance of about forty-five feet north of the center of the intersection and the right-hand wheel for a distance of twelve feet less, indicating that the brakes of the hearse were applied before it entered the intersection. If the hearse moved so great a distance with the brakes applied and then went thirty-two feet or more further after striking the defendant's automobile with the force indicated by the evidence, it must have approached and entered the intersection at a speed greatly in excess of twenty miles an hour. If the defendant's testimony as to the speed at which he entered the intersection is true, then he was well within the boundary lines thereof before the hearse reached the north boundary line. Section 131 of the Motor Vehicle Act, as amended in 1925, provided: ''When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed.'' (Stats. 1925, p. 412.) It cannot be held, under the evidence stated, either that the two vehicles approached the intersection at approximately the same time or that the plaintiffs' hearse was traveling at a lawful speed. The findings of the court, based upon substantially conflicting evidence, that the plaintiffs' driver was negligent and that the defendant was not are conclusive on appeal.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.