EDWARD HARVEY FERRIS, Appellant, *v.*
ALBRIGHT'S COURTESY ELECTRIC CO.,
a Corporation, and GUY DEWEY
MATHIS, Jr., Respondents.

No. 3793

October 29, 1954.                    275 P.2d 755.

*Hawkins & Cannon,* of Las Vegas, for Appellant.

*Morse, Graves & Compton,* and *Arthur Olsen,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J.:

Plaintiff, Edward Harvey Ferris, sued for damages resulting from a collision, at an intersection, of his motor scooter with a pickup truck owned by the defendant corporation and being driven by its employee, defendant Mathis. The court, trying the case without a jury, held that plaintiff's negligence was a proximate cause of the accident and entered judgment for defendants. In his appeal plaintiff concedes that the judgment may not be reversed if there is substantial evidence to support it, but contends that there is no *credible* evidence to support the court's findings that defendants were not negligent and that plaintiff was negligent in driving at excessive speed into the intersection after seeing the pickup truck enter the intersection.

Plaintiff was driving his motor scooter west on Gass Avenue in Las Vegas and Mathis was driving the pickup truck north on South First Street. Both streets have a width of 50 feet from curb to curb. A small restaurant on the southeast corner of the intersection is set back from both streets, which left a comparatively clear view to each of the drivers of the other approaching vehicle. The day was clear. Gass is a through street and vehicles approaching Gass from South First are required to stop, as indicated by the usual stop sign. Under the city ordinances the speed limit in the intersection was 15 miles

per hour, also: "At corners generally. The operators of vehicles approaching any intersection * * * shall yield the right of way to vehicles approaching such intersection from the right * * *, but in the event either vehicle has entered the intersection, said vehicle shall have the right of way * * *." Mathis testified that when he reached the intersection he came to a full stop, looked in both directions, in both of which he had a clear view for about half a block, saw no traffic at all, shifted into low gear, entered the intersection at a speed of 4 or 5 miles per hour, saw the scooter appear suddenly to the right and a little in front of him, applied his brakes, and the collision occurred. An expert, testifying from an examination of the skid marks, estimated the pickup's speed at the time the brakes were applied at 10 miles per hour but that such speed might have been 8 or 7 miles per hour. All four wheels of the pickup skidded 18 inches. A witness testified that the pickup traveled less than its length after the impact, a distance of about 10 feet. Another witness placed this distance about 6 feet. The pickup's right front bumper struck the left rear panel of the scooter. The collision was in the northeast quadrant of the intersection. Thus at the moment of impact the truck was more than halfway across the intersection (having arrived there at a speed of between 4 and 10 miles per hour after entering the intersection before the scooter), while the scooter was less than halfway into the intersection. The impact threw plaintiff more than 10 feet (a measurement from the point where the scooter lay to where plaintiff landed showed 14 feet) from his scooter through the air in the direction the scooter was traveling. Plaintiff testified that he approached the intersection at an estimated speed of 20 to 25 miles per hour; when about 25 to 30 feet from the intersection, he saw the pickup approaching from his left, reduced his throttle, noted the pickup slowing as if for a stop, proceeded into the intersection, and then found the pickup upon him; and that he attempted to avoid the collision

by swerving to his right. Appellant insists that as this is the only testimony of plaintiff's speed there is no evidence to sustain the court's finding of excessive speed on his part. From the evidence we have recited, however, supported by a number of photographs, it was within the province of the court to reject plaintiff's estimate of his own speed and to conclude that his speed must have been considerably greater. We do not agree with appellant's contention that Mathis's testimony is incredible. For a case very much in point see Stryker v. Hastie, 131 Ore. 282, 282 P. 1087, 1088. The parties there were reversed—the defendant driving west on a through street and the plaintiff approaching the intersection from the south. The plaintiff testified that she made a full stop at the intersection, had a view to the right of 200 feet, saw no car approaching, and without looking to the right again, proceeded to cross the intersection at 6 miles an hour. The street was 36 feet wide and the collision with defendant's car occurred a little beyond the center. The court said: "If plaintiff's testimony is to be believed that, during the time it took her to drive at the rate of 6 miles per hour over one half of the intersection, or a distance of a little over 18 feet, defendant had driven 200 feet or more during that time, and if defendant's testimony is to be believed that he did not see her as she was crossing the intersection almost directly in front of him, it shows that he must have been driving both carelessly and at an unlawful rate of speed. The truth or falsity of their testimony was for the jury, it being the exclusive judge of the credibility of both of said witnesses." A very similar set of facts was also involved in Lipp v. Moon, 100 Cal.App. 618, 280 P. 710, 711 (although the statute there gave the vehicle approaching from the right the right of way "provided such vehicle is traveling at a lawful speed"),[1] holding that the court's finding, based on

[1] Even without such provision, such is the law in this state, Botts v. Rushton, 63 Nev. 426, 172 P.2d 147, holding that the favored

substantially conflicting evidence, that the plaintiff was negligent and the defendant not, was conclusive on appeal. The court noted that from the testimony of the position of the vehicles, the distance they had traveled into the intersection, the skid marks, etc., and the defendant's testimony, if believed, that he entered the intersection at less than 15 miles an hour, the plaintiff must have approached and entered the intersection at a speed greatly in excess of the 20 miles per hour as testified by the plaintiff's driver. These and many similar cases, and indeed our long accepted concept that the trier of the facts may lawfully discredit the testimony of a witness when it is in conflict with evidence otherwise satisfactory to it, are a complete answer to appellant's contention that the court's finding of plaintiff's excessive speed is unsupported by and directly contrary to the evidence because, forsooth, plaintiff's estimate of his own speed is the only testimony in the record on that point.

Appellant contends that defendants were liable under the doctrine of last clear chance. Deiss v. Southern Pacific Co., 56 Nev. 151, 47 P.2d 928, 53 P.2d 332. Under the facts the doctrine is clearly not applicable.

We have carefully considered the testimony of all other witnesses in the case (save the large volume of testimony concerning the extent of plaintiff's personal injuries, which point we do not reach in this appeal), but do not find it necessary to enlarge upon our statement of the facts by reference thereto. Appellant's exhaustive brief and his oral argument have received due consideration, but we cannot find that any of his assignments of error, particularly his assignment of a

driver's right of way is qualified and not absolute, and that his right of way applies when he is proceeding in a lawful manner and at a lawful speed and is free from negligence in approaching the intersection.

want of substantial evidence to support the findings and judgment, has merit. The judgment and order denying new trial are affirmed with costs.

EATHER, C. J., and MERRILL, J., concur.